## FRANKLIN CAPRON *v.* SAMUEL A. CAPRON.

### *Promissory Note.*

The plaintiff put in evidence a note of which the following is a copy:

"BRANDON, March 14, 1868.

For value received I promise to pay B. D., or bearer, $75, one year from date, with interest annually; and if there is not enough realized by good management in one year to have more time to pay in the manufacture of the plaster bed on Stearns' land.

S. A. CAPRON."

*Held* that the note is negotiable, and the plaintiff, who purchased the same for value, is entitled to recover thereon.

*Held* that the defendant not having realized enough from the plaster bed within the year, to pay the note, had a reasonable time thereafter to pay the same, and what is a reasonable time is to be determined by the triers from the proof.

ASSUMPSIT ON NOTE. Plea, the general issue. Trial by the court, at the September term, 1871, WHEELER, J., presiding.

The plaintiff gave in evidence a note, a copy of which is as follows:

"BRANDON, March 14th, A. D. 1868.

For value received I promise to pay Barzillai Davenport or bearer seventy-five dollars one year from date with interest annually; and if there is not enough realized by good management in one year to have more time to pay in the manufacture of the plaster bed on Stearns' land. S. A. CAPRON."

The plaintiff also introduced parol evidence tending to prove that he purchased said note of the payee therein named, and paid him therefor the sum of seventy-five dollars, which was not disputed by the defendant.

The defendant claimed in defense that the note was not negotiable, and that the plaintiff was not entitled to recover thereon.

The court rendered judgment for the plaintiff to recover, as damages, the amount of the note, with interest thereon. To which the defendant excepted.

*N. P. Simonds* and *Edgerton & Nicholson*, for the defendant.

The instrument declared upon is not negotiable, because it is by its terms made payable in specific property. *Collins* v. *Lincoln*, 11 Vt., 268. But if the instrument can be construed to be a promise to pay, when by good management the *means* can be realized from the manufacture of plaster on Stearns's land, still it is non-negotiable, because, 1. The *time* cannot be made certain from the instrument itself. If, under the contingency named, the defendant was to have " more time," then, *how much* time ? Clearly, sufficient to enable him by good management to realize the means. And this, again, is the very question that the instrument fails to answer.

2. It is not certain that the contingency will *ever* happen by which payment can be required.

3. " Certain requisites are indispensable to the validity of *all* promissory notes. They must be payable *at all events*, and not out of a particular fund which may or *may not* be productive." Chitty on Bills, 134 ; ib. 526 ; Story on Prom. Notes, § § 22, 26, 27, and notes ; *Carlos* v. *Fancourt*, 5 Term, 482 ; *Richards* v. *Richards*, 2 B. & A. 447 ; *Hasbrook* v. *Palmer*, 2 McLean, 10 ; 10 Adol. & Ellis, 98.

*Briggs & Ormsbee*, for the plaintiff, cited Edwards on Bills and Promissory Notes, 135 ; *Cota* v. *Buck*, 7 Met., 588.

The opinion of the court was delivered by

Pierpoint, Ch. J. It is claimed in this case that the plaintiff, as the holder of the instrument declared on, cannot maintain this

action in his own name, for the reason that it is not a negotiable instrument. That it is payable in specific property and not in money. That it is not payable at any specified time, but upon a contingency that may never happen, and is not payable at all events.

We think that this instrument, when rightly construed, is not subject to any of these objections.

The intent of the parties to the instrument is very badly expressed, but the intent is manifest upon its face. It is in substance a promise to pay the sum named in one year from its date, but if there is not enough realized by good management in one year in the manufacture of the plaster bed on Stearns' land, then the maker is to have more time in which to pay it.

There is nothing in the instrument to indicate that the payment is not to be made in money. The only uncertainty there is about it is the length of time that the maker shall have to pay in after the expiration of the year, in case he does not realize enough from the plaster bed to enable him to pay within the year. And this uncertainty the law makes certain, by giving him a reasonable time thereafter to make the payment. And what is a reasonable time is to be determined by the triers from the proof, like any other fact; and the uncertainty as to what constitutes a reasonable time is no more an objection to the negotiability of the instrument than it would be in the case of an ordinary note of hand in which no time of payment was named.

Judgment of the county court is affirmed.