Works v. Hershey.

## WORKS v. HERSHEY.

1. Payment: OF LESS SUM THAN DUE.  The payment of a less sum than due, though received in satisfaction, will not operate as a discharge of the debt and cannot be pleaded as such.

2. Promissory note: PAROL EVIDENCE TO VARY.  The legal effect of a promissory note or contract cannot be defeated by a parol contemporaneous agreement.

3. —— CONSTRUCTION OF.  Promissory note in the following form: " On demand after date I promise to pay to the order of Niles Works $2,512.87, payable at Cincinnati when convenient." *Held*, that the maker was bound to pay within a reasonable time after the date of the note.

4. Stamps: EFFECT OF OMISSION.  The omission of a revenue stamp does not render the contract void, unless the omission was with a fraudulent intent.

*Appeal from Muscatine District Court.*

FRIDAY, DECEMBER 7.

ACTION UPON A PROMISSORY NOTE. Judgment for plaintiff; defendant appeals. The facts of the case are fully stated in the opinion.

*Cloud & Broomhall* and *W. F. Bannan* for the appellant.

*Richman & Carskadden* for the appellee.

BECK, Ch. J. — The promissory note which is the foundation of this action is in these words:

"$2,512.84. CINCINNATI, *Feb.* 6*th*, 1864.
" On demand after date I promise to pay to the order of Niles Works twenty-five hundred and twelve $\frac{87}{100}$ dollars, payable at Cincinnati when convenient. B. HERSHEY."

In an answer and amended answer the defendant sets up substantially the following defenses. The paper sued upon, it is alleged, was executed under the following circumstances: The defendant was, before the date of the note, indebted to plaintiff in a large sum, and upon the payment therein of the sum of $4,172.76, the principal of the debt, the plaintiff released and discharged defendant from all legal liability upon the claim. After such discharge defendant executed to plaintiff the note in suit, which was given for the amount of the original claim. It was not paid. It was given by defendant upon his own motion, without any request or claim made by plaintiff of any balance due from defendant, wherefore defendant claims that the instrument is without consideration.
It is further alleged that defendant took the note upon

the terms and conditions that no demand was to be made upon defendant for payment, and that he had the right to refuse payment at his option.

It is also alleged as a defense that defendant did not affix a revenue stamp to the note; that it was stamped without his consent; that it was not stamped when executed in order to avoid the creation of a legal liability against defendant, and that a revenue stamp has been affixed fraudulently for the purpose of making the instrument valid, when, at its inception, it was not so intended.

A demurrer to the answer was sustained, and, defendant refusing to plead over, judgment was rendered for plaintiff. The ruling upon the demurrer is assigned for error.

I. The first ground of plaintiff's demurrer is this: The answer sets up a release of plaintiff's claim upon the payment of a part thereof. Such a release

1. PAYMENT: of less sum than due. is claimed by the demurrer to be void, because it is without consideration, and, as a consequence, the note was based upon a valid subsisting debt.

It is undoubtedly well settled by the authorities that the payment of a smaller sum of money in satisfaction of a larger one is not a valid discharge, and cannot be pleaded either as payment or as accord and satisfaction. Several courts seem to have given assent to the rule with reluctance, and condemned the reasoning which supports it, while, at the same time, recognizing it to be the law. And it may possibly be said that it is applied with caution, and that there is a disposition of the courts to bring cases rather within its exceptions than within its strict terms. But that it is the established doctrine of the courts admits of no question. *Sullivan* v. *Finn*, 4 G. Gr. 544; see authorities cited in Smith's Leading Cases (Hare & Wallace's 5th ed.), notes to *Camber* v. *Wane*, 439; *White* v. *Jordan*, 27 Me. 370; *Bailey* v. *Day*, 26 id. 88; *Eve* v. *Mosley*, 2 Strobh. 203; *Fellows et al.* v. *Stevens*, 24 Wend.

294; *Harriman* v. *Harriman*, 12 Gray, 341; *Perkins* v. *Lockwood et al.*, 100 Mass. 249; *Palmerton* v. *Huxford*, 4 Denio, 166.

The demurrer was well taken upon the first ground. The release pleaded being void for want of consideration, cannot be set up against the debt held by plaintiff upon which this suit is brought.

II. The defense pleaded to the effect that no demand was to be made upon defendant for the amount of the note, and that it should be only payable at his option is obnoxious to objections raised thereto by the demurrer The matters set up in this defense are inconsistent with the face of the note and the contract it contains, as it is interpreted by the law. An instrument of writing cannot be defeated by a parol contemporaneous understanding or agreement in conflict therewith. And the defense now under consideration amounts to nothing more. No further notice of the question here presented is demanded.

**2. PROMISSORY NOTE: parol evidence.**

III. So far as the answer relies upon the peculiar phraseology of the note sued on, it was subject to the demurrer. The words "payable at Cincinnati, when convenient," cannot be construed to nullify the other words of the instrument, viz.: "*on demand* I promise to pay." If any force be given to them it will be that the maker bound himself to pay within a reasonable time after the date of the note. *Rannot* v. *Schotenfils*, 15 Iowa, 457. There is no claim in the answer that a reasonable time had not been given defendant after the execution of the note for its payment.

**3. —— construction of.**

IV. The allegations of the answer, in regard to the stamping of the instrument, constitute no defense. There is no averment to the effect that the stamp was not affixed when the note was executed with intent to defraud the government. Yet such intent must be pleaded and established in order to defeat an

**4. STAMPS: effect of omission.**

instrument not sufficiently stamped. Rev., § 2942; *Campbell* v. *Wilcox*, 10 Wal. 421; *Mitchell* v. *Home Ins. Co.*, 32 Iowa, 421; *Green* v. *Holway*, 101 Mass. 243; S. C., 3 Am. R. 339, and authorities cited in note.

Indeed, the answer rather shows that the stamp was affixed with an intent to obey the provisions of the revenue law; the government was not defrauded thereby, but on the contrary, its interest was protected. It is unnecessary to inquire into the right of the payee to affix a stamp to the note. In the view we take, as it is not averred that the stamp was omitted with the intent to evade the revenue laws, the invalidity of the instrument is not shown by the petition.

It is our opinion that the demurrer of plaintiff to the answer was correctly sustained. The judgment of the district court is therefore

Affirmed.