### NUNEZ v. DAUTEL.

1. A paper dated in one of the Southern States and promising to pay with interest, a sum of money specified and acknowledged to be due, " as soon as the crop can be sold or the money raised from any other source," is not in either form or effect a promissory note.

2. It is a promise to pay the money specified upon the occurrence of either of the events named in the paper, OR after the lapse of a reasonable amount of time within which to procure, in one mode or in the other, the means necessary to meet the liability.

8. It does not mean that if the crop should be destroyed or could never be sold, and the parties promising could not procure the money from any other source, the debt should never be paid.

4. The question of what was a reasonable time (there being no evidence in the case but the written promise itself), was a question for the court.

5. Five years and more is much more than a reasonable time.

ERROR to the Circuit Court for the Southern District of Georgia.

Joseph Dautel sued in the court below, I. M. Nunez and others, trading in partnership as I. M. Nunez & Co. The action was assumpsit, and the suit was brought on the 10th of September, 1870. The declaration contained two counts. The first was upon an instrument described as a due bill, whereby the defendants acknowledged to be due and promised to pay to the plaintiff the sum of $1619.66. The second count claimed the same amount upon an account stated. It appeared by the bill of exceptions that upon the trial the plaintiff gave in evidence an instrument, which was as follows:

"COLUMBUS, GA., September 1st, 1865.

"Due Joseph Dautel, or order, $1619.66, being balance of principal and interest for four years and six months' services. This we will pay as soon as the crop can be sold or the money raised from any other source, payable with interest.

"I. M. NUNEZ & Co."

The execution of the instrument was admitted. The plaintiff gave no other evidence.

The defendants thereupon " requested the court to charge the jury that if the plaintiff had proved a special agreement which was still operative, he could not recover for an account stated; whereupon the court charged the jury that the paper introduced did not prove such special agreement, and directed the jury upon the evidence to find a verdict for the plaintiff." The jury found accordingly, and judgment was entered upon the verdict.

The only point presented for the consideration of this court was whether this instruction was properly given.

*Mr. R. J. Moses, for the plaintiff in error,* contended that the instruction was erroneous; that in *indebitatus assumpsit,* the promise, either express or implied, was the gist of the action;* that in this case, there being an express promise,

---

* Buller's Nisi Prius, 129.

Opinion of the court.

none could be implied; that the express promise in the case being conditional, would not alone support the verdict; and that the question in issue had been, as he conceived, adjudged in *Tanner* v. *Smart.* \*

*Messrs. J. D. Pope and R. McPhail Smith, contra,* citing *Smith* v. *Forty,*† and other cases.‡

Mr. Justice SWAYNE, having stated the case, delivered the opinion of the court.

The paper was clearly not a promissory note, because it was not payable at a time certain, and it was not such a due-bill as the law regards as in effect a promissory note for the same reason.§   It was made up of the following particulars: It acknowledged the amount specified, consisting of principal and interest, to be due to the plaintiff for four years and six months' services, and promised to pay him that sum, with interest, as soon as the crop could be sold, or the money could be raised from any other source.

No time having been specified within which the crop should be sold or the money raised otherwise, the law annexed as an incident that one or the other should be done within reasonable time, and that the sum admitted to be due should be paid accordingly.   Payment was not conditional to the extent of depending wholly and finally upon the alternatives mentioned.   The stipulations secured to the defendants a reasonable amount of time within which to procure in one mode or the other the means necessary to meet the liability.   Upon the occurrence of either of the events named or the lapse of such time, the debt became due.   It could not have been the intention of the parties that if the crop were destroyed, or from any other cause

---

\* 6 Barnewall & Creswell, 609.

† 4 Carrington & Payne, 126.

‡ Gibson v. Renne, 19 Wendell, 389; McLemore v. Powell, 12 Wheaton, 554; Creath's Admr. v. Sims, 5 Howard, 192.

§ Story on Promissory Notes, § 27; Salinas v. Wright, 11 Texas, 575; Ex parte Tootell, 4 Vesey, 372.

could never be sold, and the defendants could not procure the money from any other source, the debt should never be paid. Such a result would be a mockery of justice.* The question of reasonable time, as the case was presented, was one to be determined by the court.† When the suit was instituted more than five years had elapsed from the date of the instrument. This was much more than a reasonable time for the fulfilment of the undertaking of the defendants, and the plaintiff was entitled to recover.

The Circuit Court instructed the jury correctly, and the judgment is

AFFIRMED.

---

* Hicks *v.* Shouse, 17 Ben Monroe, 487; Ubsdell et al. *v.* Cunningham, 22 Missouri, 124.

† Frothingham *v.* Dutton, 2 Greenleaf, 255; Kingsley *v.* Wallis, 14 Maine, 57; Manning *v.* Sawyer, 1 Hawks, 37; Cocker et al. *v.* Franklin Hemp and Flax Manufacturing Company, 3 Sumner, 530.