## L. RANDALL *v.* NALS JOHNSON.

CONTRACT. *Money payable on condition which can never occur.*

A written promise to pay for a vessel's rigging, ninety days after its first return trip, can be enforced although the vessel is lost at sea, and, in this event, is payable in that time after the expiration of the period usually required for such trip.

APPEAL from the Circuit Court of Jackson County.

Hon. J. S. HAMM, Judge.

The appellant and James Glass pleaded the general issue to a declaration, *in assumpsit*, by the appellee against them, upon the following writing:

"($240)                                        Moss POINT, July 8, 1879.

"Ninety days after the first return trip of the schooner 'Mary Bloom,' I promise to pay to Nals Johnson or order, the sum of Two Hundred and Forty Dollars as final payment on rigging, &c., furnished for said schooner with interest at six per cent per annum from the date of return trip.

"JAMES GLASS.

"Surety, L. RANDALL."

At the trial, the appellee proved that the usual time had elapsed, ninety days before suit, for making the trip from Pas-

cagoula, from which the vessel sailed to Corpus Christi, whither she was bound, and back. Then the appellant offered to show that the schooner, on her first trip, was lost at sea, but the evidence was excluded and the appellee obtained a verdict.

*C. H. Wood*, for the appellant.

A promissory note must be for the payment of money at a fixed time or on an inevitable event. Story Prom. Notes, § 27. This is not altered by Code 1880, § 1123.

*H. Bloomfield*, for the appellee.

When it was shown that sufficient time to make the trip had elapsed, the money was proved to be due, and this could not be changed by proving that the vessel was lost.

CAMPBELL, J., delivered the opinion of the court.

The true interpretation of the contract sued on is, that the "first return trip of the schooner ' Mary Bloom,' " — which it was assumed would certainly occur within a few months in regular course, — was fixed by the parties as the date from which the ninety days after which the money was to be paid were to be computed; and that as the schooner was lost at sea, and could never return as contemplated, the money promised became payable ninety days after the expiration of the period of time usually required for a return trip of the schooner. *Hicks* v. *Shouse*, 17 B. Mon. 483; *Ubsdell* v. *Cunningham*, 22 Mo. 124; *Williston* v. *Perkins*, 51 Cal. 554; *Nunez* v. *Dautel*, 19 Wall. 560. It would be "a mockery of justice" to hold that, because the schooner was lost at sea, and, therefore, had not made her first return trip, the appellee lost his debt.

*Judgment affirmed.*