[Department One.—May 8, 1883.]

# H. B. CONGDON, Appellant, *v.* WM. S. CHAPMAN, Respondent.

Sale—Agreement—Performance.—The plaintiff sold to the defendant certain shares of the capital stock of a corporation, to be paid for out of the first moneys which could be realized from the sale of any stock of the corporation owned or controlled by the defendant, who agreed to make all reasonable efforts to realize on the same without unnecessary delay for the purpose of paying the plaintiff. The suit was brought to recover the price of the shares sold. The answer alleged in substance that the defendant had complied with the agreement as to the efforts to be made by him to realize on the stock, but had not been able to sell any portion of it. The court below found in his favor upon the matters so alleged. *Held,* that these matters constituted a defense to the action, and that the plaintiff could not recover.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The case came up on the judgment roll. No motion was made for a new trial, and the evidence was not before the court. The following is a copy of the agreement on which the questions in the case arose:—

SAN FRANCISCO, CAL., November 20, 1876.

MEMORANDUM OF AGREEMENT.

H. B. Congdon sells to W. S. Chapman thirty thousand shares of the capital stock of the Erie Consolidated Mining Company, at the price of ten cents per share. Said Chapman agrees to said purchase, and to pay for said stock in gold coin, from the first moneys which can be realized from the sale of any stock of said company owned or controlled by him. Said Chapman agrees to purchase from said Congdon such further quantities of said stock as he may supply within thirty days, at the same price and on the same terms. Said Chapman acknowledges the receipt of said thirty thousand shares of said stock this day delivered to him by said Congdon, and said Chapman agrees to use all reasonable efforts to realize on the stock of said company owned or controlled by him without unnecessary delay, to the end that said payment may be made to said Congdon.

WM. S. CHAPMAN,
H. B. CONGDON.

Witness, FORD H. ROGERS.

More than three years elapsed between the date of the agreement and the commencement of the action.

*Cary & Troutt,* for Appellant, argued that the agreement should be construed as requiring payment within a reasonable time, and that the defense set up in the answer could not be maintained, citing *Hicks* v. *Shouse,* 17 Mon. B. 483; *Ubsdell* v. *Cunningham,* 22 Mo. 125; *Sears* v. *Wright,* 24 Me. 278; *Nunez* v. *Dautel,* 19 Wall. 560; *Williston* v. *Perkins,* 51 Cal. 554.

*Pillsbury & Titus,* for Respondent, argued that the effect of the agreement was to provide for payment out of a special fund to be raised by selling the stock, and that the construction contended for by the counsel for the appellant would be substantially to make a new contract between the parties; that the

respondent had done all the agreement required him to do, and is not liable.

PER CURIAM.—The plaintiff sold to the defendant certain shares of the capital stock of the Erie Consolidated Mining Company, upon defendant's agreement to pay for the stock, at a stated rate per share, "from the first moneys which can be realized from the sale of any stock of said company owned or controlled by him (Chapman); . . . . and said Chapman agrees to use all reasonable efforts to realize on the stock of said company owned or controlled by him without unnecessary delay, to the end that said payment may be made to said Congdon."

By this agreement the parties clearly expressed their intention that the stock should be paid for out of the first moneys that could be realized from the sale of any stock of the company owned or controlled by Chapman, the latter further agreeing to use all reasonable efforts to realize on the stock without unnecessary delay, "to the end that said payment may be made to said Congdon."

At the trial the court below found that the defendant used reasonable diligence and made all reasonable efforts to sell the stock, but had been unable to sell any of it. Under such circumstances, to hold the defendant liable in this form of action would be to make and enforce between the parties a contract essentially different from the contract that they themselves made, and from that declared on herein.

Judgment affirmed.