## SMITHERS v. JUNKER.

*(Circuit Court, N. D. Illinois. December, 1889.)*

PROMISSORY NOTES—TIME OF PAYMENT.
    A note reciting: "For value received I promise to pay to S. F. Smithers $2,048.25, payable at my convenience, and upon this express condition, that I am to be the sole judge of such convenience and time of payment,"—does not contemplate that the money shall become due only at the pleasure of the maker, without regard to lapse of time or the rights of the payee, but that maker is to have a reasonable time, to be determined by himself, in which to pay the note.

At Law. On demurrer to declaration.
*B. W. Wilson*, for plaintiff.
*Harvey H. Anderson*, for defendant.

GRESHAM, J. The first, second, and third counts are upon a written instrument, which is set out as follows:

"CHICAGO, November 1, 1883.

"For value received I promise to pay to S. F. Smithers two thousand and forty-eight and 25-100 dollars, payable at my convenience, and upon this express condition, that I am to be the sole judge of such convenience and time of payment. A. JUNKER."

It is averred that, after a reasonable time had elapsed, the plaintiff demanded payment, which was refused by the defendant. The defendant's promise was to pay the money in consideration of something of value received from the plaintiff. If what the defendant received was a mere gift, and it was not contemplated by the parties that the instrument was to be a binding obligation, why was it executed? Its execution is evidence that the plaintiff expected an equivalent for what the defendant received, and that the latter understood he was bound to pay the sum of money specified, not immediately or on any certain day, but within a reasonable time, to be determined by himself. It was not contemplated, however, that the money should become due only at the pleasure of the defendant, without regard to lapse of time or the rights of the plaintiff. The beginning of the instrument imports an obligation to pay a specific sum of money, and the succeeding language should not be construed to destroy that obligation. If the defendant was given the sole right to say when it would suit his convenience to pay the debt, he might decide that he would never pay it, which would not be a reasonable or honest exercise of his judgment as to time of payment. The instrument was executed on November 1, 1883, and after the lapse of more than five years payment was demanded and the debt became due. Such contracts should be construed liberally, in favor of payees. *Lewis* v. *Tipton*, 10 Ohio St. 88; *Works* v. *Hershey*, 35 Iowa, 340; *Ramot* v. *Schotenfels*, 15 Iowa, 457; *Kincaid* v. *Higgins*, 1 Bibb, 396. Demurrer overruled.