[Argued July 6, 1893; decided July 17, 1893.]

## NOLAND *v.* BULL.

[ S. C. 33 Pac. Rep. 983.]

1. APPEAL AND ERROR — ADDITIONAL FINDINGS OF FACT* — PRACTICE.— Failure of the trial court to make findings of fact on material issues will not be considered on appeal unless the lower court was asked to make such findings and refused. *Hicklin* v. *McClear*, 18 Or. 138, cited and approved.

2. CONTRACT PAYABLE WHEN SOME FUTURE EVENT SHALL OCCUR.— Where there is a present indebtedness due absolutely, and the happening of some future event is fixed as a convenient time for payment merely, and such future event does not happen, the debt is payable within a reasonable time.

Josephine County: LIONEL R. WEBSTER, Judge.

This is an action by Delia Noland to recover the sum of five hundred dollars from Benjamin Bull upon a written instrument which was executed and delivered to plaintiff

---

*NOTE.— To the same effect see *Luse* v. *Isthmus Transit Ry. Co.* 6 Or. 125, and *Umatilla Irrigation Co.* v. *Barnhart*, 22 Or. 389.—REPORTER.

for a balance of five hundred dollars claimed to be due her on the sale of the Stephens Ranch to the defendant for the agreed price of two thousand dollars. This agreement is as follows:—

This is to certify that I, the undersigned, do agree to pay the sum of five hundred dollars unto Delia Noland when the sale of the property known as the Stephens Ranch shall be accomplished; the said place to be sold for not less than two thousand five hundred dollars.

(Signed)                                BENJAMIN BULL.

Stephens Ranch, October 20, 1884.

Witness agreement: WILLIAM N. SAUNDERS.

It is also alleged that the said realty is now worth more than two thousand five hundred dollars, and that defendant has had a reasonable time within which to sell the same, and that he could long since have sold it for that price, but that, in order to avoid the payment of said sum of five hundred dollars, he neglects and refuses to make such sale, or to pay the five hundred dollars or any part thereof, although the plaintiff has often demanded the same of him. The answer denies all the material allegations of the complaint, except the execution of the written instrument upon which the action is based, and sets up affirmatively, in substance, that there was no consideration for such written agreement; that at the time of its execution the defendant was not indebted to the plaintiff in any sum whatever; that the lands referred to in the written agreement had been purchased by him for one thousand five hundred dollars, and that, the plaintiff representing to him that the lands could be sold for two thousand five hundred dollars, he promised the plaintiff that if he could then sell the land so conveyed to him for that amount, he would make the defendant a present of five hundred dollars, and that, as a result of such representations, he executed and delivered the written agreement set out in the

complaint; and that he had made every reasonable effort to sell the land for such price but had failed to find a buyer. These affirmative allegations were denied, and, by consent of the parties, the case was tried by the court without the intervention of a jury. Thereafter the court filed its findings of fact and conclusions of law, which were in favor of the plaintiff. A decree having been entered accordingly, the defendant appeals. Affirmed.

*William M. Colvig* ( *C. W. Kahler* on the brief), for Appellant.

*Paine P. Prim & Son*, for Respondent.

MR. CHIEF JUSTICE LORD delivered the opinion of the court:

1. Preliminarily, it is claimed that the trial court failed to make certain findings of fact which the pleadings show were material and necessary. If that is so, the defendant should have applied to the trial court to make such findings, and if it refused, he could have excepted to the ruling, and brought the matter in an appropriate way to the attention of this court. "Should the circuit court fail or neglect," said THAYER, C. J., "to make a material finding upon the evidence before it, and the bill of exceptions showed that the court was specially requested to make the finding, and it had refused to do so, this court would doubtless deem an exception to such refusal well taken": *Hicklin* v. *McClear*, 18 Or. 138 ( 22 Pac. 1057). As the findings of fact by the trial court are conclusive upon this court,* the judgment must be affirmed, unless such findings are insufficient to sustain it.

---

* NOTE.— The appeal in this case was perfected in March, 1893, before the act of 1893 ( Laws, 1893, p. 26,) went into effect, and was not decided under this last act which provides that the "findings of fact shall have the same force and effect and be equally conclusive as the verdict of a jury in an action at law, except an [ on ] appeal to the supreme court the cause shall be tried anew without reference to such findings."— REPORTER.

XXIV. OR.— 31.

The important question of fact to be determined was whether the consideration for the alleged written agreement was based on an existing indebtedness of five hundred dollars for a balance due from the defendant to the plaintiff on the purchase price of the Stephens Ranch, which the plaintiff sold to him. It is alleged in the complaint that the plaintiff sold and conveyed to the defendant certain real property known as the Stephens Ranch for the agreed price of two thousand dollars; that the defendant paid thereon the sum of one thousand five hundred dollars, and that he executed and delivered to the plaintiff the written agreement set out to pay the balance of five hundred dollars. The defendant denied these allegations, thus forming an issue which rendered the defense of a want of consideration unnecessary; for, if the indebtedness actually existed as the basis, or formed the consideration, of the written agreement at the time of its execution and delivery, it would defeat the defense set up that such agreement was without consideration, or a mere promise to make plaintiff a present of five hundred dollars if the defendant should succeed in selling the property for two thousand five hundred dollars. The court found, in substance, that at the time alleged the plaintiff sold and conveyed to the defendant certain real property known as the Stephens Ranch for the agreed price of two thousand dollars; that the defendant paid one thousand five hundred dollars of such purchase price, leaving a balance of five hundred dollars due and unpaid; that at the time alleged, the defendant, being indebted to the plaintiff in the sum of five hundred dollars as a balance due on said purchase price, delivered to her the said written agreement, and that more than seven years elapsed between the execution of the written agreement and the commencement of the action; so that it appears from the facts as found by the court that when the written agreement was executed and delivered to the plaintiff, the defendant was

actually indebted to her in the sum named, as a balance
due and unpaid on the purchase price of the ranch, and
that such indebtedness formed the consideration of the
agreement. This result fully sustains the allegations of
the complaint upon which issue was joined, and renders
futile and unavailing the contention of the defendant,
unless the conclusion of law which the court deduced from
its findings of fact is unwarranted and erroneous. The
court found as a conclusion of law that the written instru-
ment was an agreement or promise to pay the plaintiff the
sum of five hundred dollars within a reasonable time, and
that the seven years which had elapsed prior to the com-
mencement of the present action is a reasonable time. The
real question, then, to be determined, is the construction
which should be given to the written agreement under the
pleadings and findings of fact. Under the facts found, the
the agreement did not create the indebtedness, but post-
poned the time of payment of a debt then due to an uncer-
tain future time. The agreement of the defendant is "to
pay the sum of five hundred dollars unto Delia Noland
when the sale of the property known as the Stephens
Ranch shall be accomplished * * * for not less than
two thousand five hundred dollars"; and not that the
defendant will pay such amount if he succeeds in selling
the ranch for such price. The five hundred dollars was
an existing indebtedness at the time the agreement was
executed by the defendant and accepted by the plaintiff,
the effect of which agreement was to postpone or defer the
time of payment of an already due and existing debt to
an uncertain date, dependent upon the accomplishment of
a specified transaction, namely, the sale of the Stephens
Ranch at the price mentioned.

2. Where there is a present debt then due, constitut-
ing the basis of an agreement which merely postpones the
time of its payment to an uncertain future date, when a
certain specified transaction shall be accomplished, the

agreement is to pay within a reasonable time whether such transaction is accomplished or not. In *Crocker* v. *Holmes*, 65 Me. 195 (20 Am. Rep. 687), it was held where the maker of a note promises to pay a certain sum when he shall sell the place he lives on, that the debt is absolute, though its payment may be postponed; — that it is the duty of the maker to sell within a reasonable time that he may discharge his indebtedness, and that he cannot avoid liability by putting it out of his power to perform his contract. APPLETON, J., in announcing the opinion of the court, said: "It is claimed that the debt will never become payable, and can never be enforced. The maker of the note promises to pay when he shall sell the place he lives on in Oxford, Maine. The debt is due *in presenti.* Its payment is at a future time, but the debt none the less exists. The debt is absolute, the time of payment indefinite. * * * The maker of the note is to sell within a reasonable time, to enable him to discharge his indebtedness." In *De Wolf* v. *French*, 51 Me. 420, it was held that where a debt is due absolutely, and the happening of a future event is fixed upon as a convenient time for payment merely, and the future event does not happen as contemplated, the law implies a promise to pay within a reasonable time. In *Nunez* v. *Dautel*, 19 Wall. 562, the agreement was "to pay as soon as the crop can be sold, or the money raised from any other source," and it was held payable in a reasonable time. Mr. Justice SWAYNE said: "It could not have been the intention of the parties that if the crop were destroyed, or from any other cause could never be sold, and the defendants could not procure the money from any other source, the debt should never be paid. Such a result would be a mockery of justice." In *Ubsdell* v. *Cunningham*, 22 Mo. 124, the instruments were made payable "as soon as collected from my accounts at P.," etc., and they were held promissory notes, and not mere conditional obligations, and that they were

payable within a reasonable time, or as soon as all was collected that could be. In *Sears* v. *Wright*, 24 Me. 278, the condition was, "from the avail of logs bought of M. when there is a sale made." Held, payable in a reasonable time. The court said: "By the terms of that contract it could not be inferred that the plaintiff had consented to subject himself to such contingency (that is, that the logs could not be sold). His agreement in terms was to wait till the logs could be sold; and thus the defendants had a duty to perform. They were bound to sell the logs, and to do it within a reasonable time": *Hicks* v. *Shouse*, 17 B. Monroe, 483; *Williston* v. *Perkins*, 51 Cal. 554; *Randall* v. *Johnson*, 59 Miss. 317 (42 Am. Rep. 365).

The defendant promises to pay the five hundred dollars when the sale of the property shall be accomplished for a specified sum. There is a present debt, but its payment is postponed to a future time; yet the debt nevertheless exists. The defendant promises or undertakes to sell the property for the sum specified that he may discharge his indebtedness, and if he fails to do so, or is unable to sell the property, such indebtedness becomes due and payable within a reasonable time. As the findings show that the indebtedness existed and was due, and that its payment was postponed to a future uncertain date by the acceptance of the agreement, which operated not to create the debt, but to extend the time of its payment for a reasonable time, whether such sale should be accomplished or not, it results that the findings are sufficient to support the judgment which must be affirmed. AFFIRMED.