HOLLIS B. PAGE *vs.* GRACE V. COOK.

Suffolk.   March 15, 1895. — June 21, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Promissory Note payable when Payor and Payee mutually agree.*

A promissory note payable " when payor and payee mutually agree " is to be construed as meaning that it is payable on demand when and after the payor ought reasonably to have agreed.

CONTRACT, upon a promissory note, of which the following is a copy: "$500.   Boston, May 1, 1891.   On demand, after date I promise to pay to the order of Hollis Bowman Page five hundred dollars, payable when payor and payee mutually agree. Value received.   Grace V. Cook."

Answer: 1. A general denial.   2. That the suit was prematurely brought.   3. That while the plaintiff was a pupil of the defendant he deposited in her hands five hundred dollars, as a payment for instruction in singing, then already and to be thereafter received, as the plaintiff should request, until the entire five hundred dollars should be expended; that the plaintiff had received much valuable instruction, and the defendant had requested him to continue to receive instruction; and that the defendant had been and was ready to fulfil her contract, and had so informed the plaintiff verbally and by written communication.

Trial in the Superior Court, before *Sheldon*, J., who directed the jury to return a verdict for the defendant, and reported the case for the determination of this court, in substance as follows.

It appeared that the note was given by the defendant to the plaintiff in consideration of the sum of five hundred dollars, delivered by him to her.   There was no evidence that the parties had ever agreed upon a time when the note should become payable; but it appeared that the plaintiff had, before the date of the writ, demanded payment of the defendant, and the defendant had refused payment; and it was agreed that thirty dollars had been paid upon the note.

If the ruling was wrong, the verdict was to be set aside, and judgment was to be entered for the plaintiff for the amount of

the note, with interest from the date of the writ, to wit, June 27, 1893; otherwise, judgment was to be entered on the verdict.

*N. F. Hesseltine,* for the plaintiff.

*E. J. Jones & C. W. Cushing,* for the defendant.

MORTON, J. According to the literal construction of this note, although the defendant promises to pay the plaintiff the sum named when he demands it, she may escape the performance of his promise by refusing to agree with the plaintiff when it shall be paid. We think that it hardly could have been the intention of the parties to put it into the power of the defendant thus to avoid payment, and that it is more reasonable to construe it as meaning that it is payable when and after the payor ought reasonably to have agreed. *White* v. *Snell,* 5 Pick. 425. *Sloan* v. *Hayden,* 110 Mass. 141. *Black* v. *Bachelder,* 120 Mass. 171. *Hawkins* v. *Graham,* 149 Mass. 284. *Crooker* v. *Holmes,* 65 Maine, 195. *Works* v. *Hershey,* 35 Iowa, 340. *Lewis* v. *Tipton,* 10 Ohio St. 88. The promise to pay is absolute. It is only the time of payment which is left to future agreement. Evidently it is expected from the tenor of the note that the parties will agree, and that a time will be fixed, and that the note will be paid. But no time is fixed within which that agreement is to be made. The law will therefore imply a reasonable time. Besides it is the payment, not the non-payment, of the note for which the parties are providing. If the payor does not within a reasonable time agree when the note shall be paid, there is nothing unjust nor at variance with the real meaning of the contract in holding that the payee may thereupon demand payment, and, if the note is not paid, proceed to collect it. The case of *Barnard* v. *Cushing,* 4 Met. 230, is distinguishable. The question chiefly discussed in that case was whether the indorsement on the note constituted a part of it, and the court held that it did. The indorsement expressly provided, not only that the payees would receive the amount of the note when convenient for the promisors to pay, but that they would not compel its payment. In bringing suit the payees proceeded therefore in direct violation of their agreement. Possibly, if the question arose now, a different result might be reached from that arrived at in that case.

According to the terms of the report the entry must be,

*Verdict set aside, and judgment for the plaintiff for the amount of the note, with interest from the date of the writ.*