[No. 11778.   Department Two.   February 18, 1914.]

W. W. SCOTT, *Respondent*, v. UNION MACHINERY & SUPPLY COMPANY, *Appellant*.[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO FINDINGS—SUFFICIENCY. The evidence cannot be reviewed in the absence of exceptions to the findings; and a general statement that "Defendants exceptions allowed" is not sufficient.

Appeal from a judgment of the superior court for King county, Livingston B. Stedman, Esq., judge *pro tempore*, entered September 11, 1913, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Robert A. Eaton*, for appellant.

*James Kiefer*, for respondent.

CROW, C. J.—This action was commenced by W. W. Scott, as assignee of the First National Bank of Seattle, against

[1]Reported in 139 Pac. 218.

Union Machinery & Supply Company, a corporation, to re-
cover the amount claimed to be due on an accepted order,
which order reads as follows:

Seattle, September 6, 1910.

Union Machinery & Supply Co.,
        Seattle, Washington.
Gentlemen:

You are hereby authorized and requested to pay over to the First
National Bank of Seattle the proceeds of the sale of the following
described personal property left with you by me for sale up to the
amount of $724.51, to be paid monthly as the said property may be
sold:

| | | |
|---|---|---|
| 164 | 4-ft. channels, 3 lb.-4 lb. | 2624 lb. |
| 40 | 5-ft. channels, 3 lb.-4 lb. | 800 lb. |
| 177 | 6-ft. channels, 3 lb.-4 lb. | 4248 lb. |
| 86 | 6-ft. channels, 3 lb.-4 lb. | 2346 lb. |
| 52 | 8-ft. channels, 3 lb.-4 lb. | 1664 lb. |
| 392 | Wheels, 16 lb. each | 6272 lb. |
| 395 | Separators, 11 lb. each | 4345 lb. |

You will, of course, be allowed credit out of the current sales for
the usual charge of 20c per truck for assembling and any necessary
purchase of bolts, pins or rollers required to set up the trucks; the
final amount to be paid to the bank being $724.51 if the goods shall
bring that amount.                        C. A. Goddard.

The foregoing order accepted. The amounts payable therein to
be payable from time to time as per account of sales rendered and
payable on the 10th day of each and every month for goods sold in
previous month.               Union Machinery & Supply Co.,
Sept. 8th, 1910.                    By C. E. Farnsworth, Pres.

Plaintiff alleged that the order had been assigned to him
by the bank; that, after its acceptance, the defendant cor-
poration, from time to time, sold castings therein mentioned
to the amount of $600, and that it had paid the bank, plain-
tiff's assignor, $89.90. From a judgment in plaintiff's favor,
the defendant has appealed.

The trial court made findings showing the acceptance and
assignment of the order, the sales made by appellant after ac-
ceptance, and the credits to which appellant was entitled, and
entered judgment in respondent's favor for $295.37 and costs.

Respondent has moved this court to strike the statement
of facts and affirm the judgment, for the reasons that no ex-
ceptions were taken to the findings of fact, or conclusions of

law; that all assignments of error presented require an examination of the evidence; and that no assignment of error is predicated upon insufficiency of the findings to support the final judgment. No exceptions, or attempted exceptions, appear in the record other than the following statement at the close of the findings and conclusions of law: "Defendant's exceptions allowed." This is insufficient to authorize an examination of the evidence. *Fender v. McDonald*, 54 Wash. 130, 102 Pac. 1026; *Yakima Grocery Co. v. Benoit*, 56 Wash. 208, 105 Pac. 476; *Seattle Automobile Co. v. Stimson*, 66 Wash. 548, 120 Pac. 73; *Meacham v. Seattle*, 69 Wash. 238, 124 Pac. 1125.

The findings of the trial judge must be accepted as made. There is no contention by appellant that they do not support the judgment. That they do sustain it, is manifest. The statement of facts will be stricken, and the judgment will be affirmed.

MOUNT, PARKER, MORRIS, and FULLERTON, JJ., concur.