## BANQUE RUSSO–ASIATIQUE v. DOLCH.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1925.)

No. 4297.

**1. Contracts ⊜⟹47—Agreement by employee to deferred payment of salary held unenforceable as without consideration.**

Agreement by an employee that payment of salary then due him under his contract might be deferred *held* without consideration and not enforceable.

**2. Contracts ⊜⟹212(1)—Agreement by employé to wait for his salary held to bind him only for reasonable time.**

An agreement by an employee to wait for salary due him until the employer resumed business in a designated place, as then intended, *held* to bind him to wait only a reasonable time.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Action at law by Edward Dolch against the Banque Russo-Asiatique. Judgment for plaintiff and defendant brings error. Affirmed.

Alan C. Van Fleet, of San Francisco, Cal. (Evarts, Choate, Sherman & Leon, of New York City, of counsel), for plaintiff in error.

Morrison, Dunne & Brobeck, Herman H. Phleger, and H. A. Judy, all of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error, as the assignee of one John M. Grant, recovered a judgment in the court below for $18,000, being the balance of salary claimed to be owing to Grant by the plaintiff in error for services rendered as its representative. The bank relied upon the defense that, while the said sum for which the judgment was rendered was its just debt, it was not yet due and payable.

[1] Grant's services to the bank began in June, 1919, under a contract in writing. He was to be paid a salary of $6,000 per annum. The contract was by its terms terminable at the will of either party. It was terminated on December 31, 1921, at which time there was a balance owing to Grant of $18,000. The contention that payment was not due at the time when the present action was begun rests upon the contents of two letters. On August 30, 1921, Grant wrote to the bank, acknowledging receipt of a payment on account and saying: "I here-

by agree to accept payment of the balance due me in installments, $6,000 on or before December 31, 1921, $2,500 on or before March 31, 1922. Balance payable upon the reopening of your Petrograd office." In reply the bank wrote: "We confirm to you our agreement on the mode of settlement set forth in your aforesaid letter. * * * At the same time it has been agreed between us that your functions as representative of the Banque Russo-Asiatique in New York will terminate December 31 next. Kindly for regularity confirm to us your agreement."

It is insisted that the letters constitute a contract whereby Grant agreed that the final installment due him was not to be paid until the head office of the bank in Petrograd should open, and that, as this event has not happened, the bank has a valid defense. It is said that a consideration for Grant's agreement thus to defer the payment of the balance due him is expressed in the promise on the part of the bank to continue to employ him for the period of four months from the date of his letter, and until December 31, 1921, the date when his employment ceased. We are unable to find in the correspondence a promise on the part of the bank to employ Grant as its representative until December 31, 1921. There was at no time an abrogation of the original contract between the parties. It was continuously in force until December 31. By its terms, as we have seen, it was terminable at the will of either party, and there can be no doubt but that after the date of the correspondence, as before, either the bank or Grant could have terminated it at any time.

We are unable to agree with the contention that there was a "second contract" by which the bank engaged the services of Grant for the period of four months prior to December 31, 1921. As we read the correspondence, the only contract therein is Grant's consent to the postponement of salary which was then and there due and payable to him. In saying, "It has been agreed between us that your functions as representative will terminate December 31 next," the bank affirmed that it had given its notice to Grant that the contract would come to an end at that date and that Grant had accepted the notice. There having been no consideration for Grant's agreement to the postponement of the payments, it was nudum pactum and unenforceable.

[2] We are inclined to the view that the judgment is also sustainable on the ground that Grant was not required to wait longer than a reasonable time for the bank to open

its Petrograd office. He waited a year before the commencement of the action. Prior to the overthrow of the imperial government of Russia in October, 1917, the head office of the bank had been at Petrograd. Thereafter it maintained its principal office in Paris, with branches as before in England and at various points in China and Japan. Grant testified that, at the time when he agreed to defer the payment of the balance due him, he thought, and it was generally expected, that the Petrograd office would be opened "very shortly," and there is no testimony to the contrary. At the time of the trial in February, 1924, the Petrograd office had not been reopened, and there was no suggestion that it would ever be reopened. In such a case the law is that payment must be made within a reasonable time. 13 C. J. 684; Nunez v. Dautel, 19 Wall. 560, 22 L. Ed. 161; Hood v. Hampton Plains Exploration Co. (C. C.) 106 F. 408; Skidmore v. Eikenberry, 53 Iowa, 621, 6 N. W. 10; Smithers v. Junker (C. C.) 41 F. 101, 7 L. R. A. 264; Greenstreet v. Chestum, 99 Kan. 290, 161 P. 596; Rosenheim v. Howze, 179 Cal. 309, 176 P. 456; Williston v. Perkins, 51 Cal. 554; Benton v. Benton, 78 Kan. 366, 97 P. 378, 27 L. R. A. (N. S.) 300, 130 Am. St. Rep. 376; De Wolfe v. French, 51 Me. 420; Noland v. Bull, 24 Or. 479, 33 P. 983. We think that under the circumstances a reasonable time elapsed before the commencement of the action.

The judgment is affirmed.