DAVID GOULIS *vs.* MARKS ANGEL.

Suffolk.    December 9, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Construction, Performance and breach.    *Words,* "Ship."

At the trial in a municipal court of an action for the purchase price of steel, it appeared that an agreement between the parties was that the steel was to be delivered "f. a. s. vessel, Army Base, South Boston," the defendant agreeing to furnish "permits promptly, when ship arrives"; and that permits were necessary before delivery could be made.    The defendant failed to supply the permits.    The judge found for the plaintiff.    *Held,* that

(1) The defendant's promise to pay was not conditional on his securing a particular ship; he was at liberty to supply any ship for the purpose;

(2) The time of delivery depended upon the defendant's furnishing the permits when the ship arrived;

(3) The time of delivery being contingent upon a future event within the defendant's control, the plaintiff was entitled to damages when the event did not occur as contemplated within a reasonable time.

CONTRACT upon an agreement by the defendant to purchase one hundred gross tons of heavy melting steel at $23 per gross

ton, "f.a.s. vessel, Army Base, South Boston." Writ in the Municipal Court of the City of Boston dated July 20, 1921.

Material evidence at the hearing in the Municipal Court is described in the opinion. The defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff cannot recover.

"2. There is no sufficient evidence to warrant a verdict for the plaintiff."

"4. Where from the nature of the contract it appears that the parties must from the beginning have contemplated a happening of some particular specified thing (when ship arrives) as the foundation of what was to be done, then, in the absence of any warranty that the thing shall exist, the contract is to be construed not as a positive contract, but as subject to an implied condition that the parties shall be excused in case before breach performance becomes impossible by the non-arrival of ship without the fault of either party.

"5. The words 'when ship arrives' is a condition upon which the performance of the contract becomes dependent, and if ship, through no fault of the defendant, fails to arrive, the contract is terminated.

"6. If at the time fixed for the performance of the agreement such performance had become impossible as to a material part of what was to be done, neither party has a right to require fulfillment of the agreement by the other.

"7. Where the time of the performance of a contract as fixed by the parties becomes impossible by reason of the non-happening of an event, a contingency not contemplated by the parties, and no other time having been agreed upon, the performance is excused.

"8. The words 'when ship arrives' unexplained in the contract itself as to the identity of the ship, the ownership thereof, where it is to come from, how it is to arrive and all other material circumstances in connection therewith, render the contract.vague and ambiguous, and may be explained by extrinsic oral evidence.

"9. Assuming that the plaintiff did not take the words 'when ship arrives' to mean that the contract was conditional

upon the arrival of the ship if the defendant by the use of those words understood that the contract was conditional upon the arrival of the ship, then there was no meeting of minds of the contracting parties and there never was any binding agreement between them."

The rulings were refused. There was a finding for the plaintiff in the sum of $1,250 with rulings described in the opinion. At the request of the defendant, the trial judge reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*C. Gerstein,* for the defendant.

*J. J. Walsh,* for the plaintiff.

CARROLL, J. The defendant by an agreement in writing, dated September 25, 1920, purchased from the plaintiff one hundred tons of steel. The dimensions, weights and price were fixed by the agreement. The steel was to be delivered " f.a.s. vessel, Army Base, South Boston," the defendant agreeing to furnish " permits promptly, when ship arrives." The plaintiff testified that permits from railroads and steamship companies were necessary before delivery could be made and that the defendant failed to supply these permits. The judge found for the plaintiff and ruled that under the contract the defendant was bound to furnish permits within a reasonable time, that " ship " meant any ship which the defendant might procure to carry the steel.

The necessary permits for delivery, according to the contract, were to be supplied by the defendant. His promise to pay for the steel was unconditional. The time of delivery depended upon his furnishing the permit when the ship arrived. But the defendant's promise was not conditional on his securing a particular ship; he was at liberty to supply any ship for this purpose, and if one was not furnished within a reasonable time the plaintiff could recover for the defendant's breach. The time of delivery being contingent on a future event within the defendant's control, the plaintiff could recover damages if the event did not occur as contemplated within a reasonable time. *De Wolfe* v. *French,* 51 Maine, 420, 421. *Noland* v. *Bull,* 24 Ore. 479,

484. *Nunez* v. *Dautel,* 19 Wall. 560, 562. *Williston* v. *Perkins,* 51 Cal. 554.

The contract was fully set out in the writing. By the judge's finding for the plaintiff on the facts, and by reason of his refusal to give the rulings requested by the defendant, it becomes unnecessary to consider the effect of the parol evidence introduced by the defendant.

There was no reversible error in the rulings of the presiding judge.

*Order dismissing report affirmed.*