JAMES JOHNSTON, Respondent, v. JEREMIAH SCHENCK and H. H. REA, Appellants.

### CONTRACT CONSTRUED.

The defendants, who owned 11-16 of the Dalton and Lark mining claims, received from plaintiff $2,000, upon the agreement that if within one year from June 15, 1891, they, or either of them, should transfer any interest in the claims, they would pay on demand to the plaintiff the sum of $2,000. The contract concluded, "Otherwise such sum of $2,000 shall not be repaid by us to him." *Held*, that the defendants were bound to repay at the end of the year, they not having done so before.

(No. 823.    Decided Oct. 8, 1897.)

Appeal from the Third district court, Salt Lake county. Ogden Hiles, *Judge*.

Action by James Johnston against Jeremiah Schenck and H. H. Rea on a written contract. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Breeze & Burris,* for appellants:

Cited: *Wordon* v. *Dodge et al.*, 2 M. R. 116; *Jameson* v. *Blowers,* 5 Barb. 692; *Haywood* v. *Shreve,* 5 Vroom 104; *Richards* v. *Schlegemich,* 3 M. R. 79; *Coff* v. *Fountaine,* 3 Rand. 487; *Rice* v. *Dwight Mfg. Co.*, 2 Cush. 80; *Gray* v. *Clark,* 11 Vt. 583; *Benjamin* v. *McConnell,* 4 Gilm. 536; *Randall* v. *Scott et al.*, 110 Cal. 590; *Hawley* v. *Branogin,* 33 Cal. 394; *Thompson* v. *McKay,* 41 Cal. 221; *Frisbie* v. *Moore,* 51 Cal, 516; *Williams* v. *Fletcher,* 129 Ill. 356.

*Dey & Street* and *Wilson & Bramel,* for respondent:

Cited: *Kreutz* v. *Livingston et al.*, 15 Cal. 345; *Ganse* v.

*Miller,* 111 U. S. 395, 397; *Pickard* v. *Rankes,* 13 East 20; *Beardsley* v. *Root,* 11 Johns. 464; *Hale* v. *Marston,* 17 Mass. 575; *Claflin* v. *Godfrey,* 21 Pick. 1; *Lewis* v. *Tipton,* 10 Ohio St. 88; *Page* v. *Cook,* 28 L. R. A. 759; *De Wolf* v. *French,* 51 Me. 4–20; *Crooker* v. *Holmes,* 65 Me. 195; *Ubsell* v. *Cunningham,* 22 Mo. 124; *Ramot* v. *Schotenfels,* 15 Iowa 457; *Works* v. *Hershey,* 35 Iowa 340; *Randal* v. *Johnson,* 59 Miss. 317; *Jones* v. *Eisler,* 3 Kan. 128; *McCartney* v. *Howell,* 24 Ill. 342.

ZANE, C. J.:

This is an appeal by the defendants from a judgment of the district court rendered on January 4, 1897, for $2,591. The suit was brought upon a written contract in the following terms: "Salt Lake City, Utah, June 29, 1891. We, the undersigned, Jeremiah Schenck and H. H. Rea, have this day received from James Johnston, of Salt Lake City, Utah, the sum of two thousand dollars in cash. We own eleven-sixteenths of the Dalton and Lark lode mining claims, situated in West Mountain mining district, Salt Lake county, Utah. If within one year from and after June 15th, 1891, we, or either of us, sell, convey, or transfer any interest whatever in or to said, or either of said, lode mining claims, or any part thereof, to any person or persons whomsoever, or put the same into any incorporation now or hereafter organized, then we agree to repay on demand to said James Johnston the aforesaid sum of two thousand dollars advanced to us by him as aforesaid; otherwise such sum of two thousand dollars shall not be repaid by us to him. Witness our hands, June 29, 1891. [Signed] Jeremiah Schenck. H. H. Rea. James Johnston. In presence of ————." The plaintiff averred in his complaint that the time within which the transfer of the property, or an interest

therein, might be made, was extended by agreement four months, and also that the defendants made no effort in good faith to sell or transfer the same, and, with other averments not necessary to the case, alleged that the defendants have not paid to plaintiff the $2,000, or any part of it, although requested by the plaintiff to do so. The suit was commenced on May 18, 1896. The order of the court overruling defendants' demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the ruling denying defendants' motion for a nonsuit, and the judgment of the court appealed from, are each assigned as error.

On the trial the plaintiff simply introduced the contract set out in the complaint, and rested. The answer of the defendants admitted that the $2,000 had not been paid. The decision of the questions raised by the respective errors relied on depends upon the construction to be given to the contract sued on. The defendants stated in the contract that they were the owners of the Dalton and Lark mining claims, and they acknowledged the receipt of the $2,000 from the plaintiff; and it contains an agreement to repay it to the plaintiff on demand at any time within one year after January 15, 1891, when they should sell or transfer the mining claims, or any part of them, to any person or persons, natural or legal. The agreement is followed by this language: "Otherwise such sum of $2,000 shall not be repaid by us to him." The plaintiff contends that this simply meant that repayment should not be made during the year without sale or transfer; while the defendants insist that it meant that repayment should never be made, if they should not make a sale or transfer during the year. The defendants' contention is that it was discretionary with them whether they should make the transfer during the year, and, if

they should make it within that time, they should repay the $2,000 to the plaintiff, but, if they should not, they would not be required to repay, and the $2,000 would become theirs absolutely. In effect, the defendants would make that sum by not making the transfer. According to this construction the plaintiff paid the defendants $2,000 on the condition that if they should sell some part of their own mining property, mentioned, within one year, they should repay, but, if they should not, the $2,000 would become theirs. In the latter case they would get $2,000 without any consideration. It does not appear that the parties understood the transaction to be a gift. No reason appears for a gift of that sum by the plaintiff to the defendants. The construction insisted upon by the defendants amounts to this: "If you will lend us $2,000, we will repay you if we sell our mining claims, or some part of them, within one year; but, if we do not sell them, we will never repay you." We cannot assume that a sane man, with sufficient intelligence to make a binding contract, intended to enter into such a one as the defendants contend plaintiff did. We are not disposed to give the paper such an unreasonable construction. We are of the opinion that the paper in question bound the defendants to repay the plaintiff the $2,000 which he loaned them at the expiration of one year from its date, unless they should sell or transfer their mining claims, or some part of them, sooner, and in that event to pay on demand; that it gave them one year to repay, or until they should sell their mining claims, within that time. In *Hicks* v. *Shouse*, 17 B. Mon. 483, the obligation was to pay $500 "so soon as I sell my house and lot in the city of Lexington, and, until said sale is made, I promise to pay eight per cent interest on said money." The court said: "A reasonable construction should be given to the

covenant. The intention of the parties should be effectuated, if practicable, and their understanding carried out. Such a construction, as we think, results in the conclusion that the house and lot was to be sold in a reasonable time, or the money be paid without a sale. The argument of defendant's counsel would, as it seems to us, lead to an absurdity, and would do violence to a reasonable calculation as to the intention of the parties. It leads to the conclusion that the defendant, by paying eight per cent interest annually, might postpone the debt to an indefinite period." It appears to us that the defendant's argument in this case leads to a more unreasonable result. In *Crooker* v. *Holmes*, 65 Me. 195, the maker of the note promised to pay when he should sell his place in Oxford, Me. The court held that it was the duty of the maker to sell within a reasonable time, that he might discharge his indebtedness; that he could not avoid liability by putting it out of his power to perform his contract. To the same effect are *Smithers* v. *Junker*, 41 Fed. 101; *McCarty* v. *Howell*, 24 Ill. 342; *Nunez* v. *Dautel* 19 Wall. 560; *Page* v. *Cook* (Mass.) 41 N. E. 115; *Works* v. *Hershey*, 35 Iowa 341.

While the above cases are not entirely analogous to the one under consideration, they indicate and illustrate the application of the rule of construction to be applied to the paper on which this suit is based, as we think,— that when a literal interpretation of the language would result in an unreasonable and absurd result, and in injustice, the court will consider the entire contract in the light of the circumstances under which it was made, and in view of the interests and motives which ordinarily control human actions, and give to its language a reasonable construction. Having determined that the contract set out in the complaint required the defendants to repay

the $2,000 mentioned in it at the expiration of the year, though the mining property, or any part of it, had not been sold, there can be no doubt that the complaint showed a good cause of action, and that the demurrer on the ground that it did not, and the motion for a non-suit, were properly denied, and that the judgment for the plaintiff was properly rendered. The judgment of the court below is affirmed.

BARTCH and MINER, JJ., concur.