# Young, Appellant, *v.* Smith.

*Contract—Building contract—Reservation of advances for subcontractor.*

Where the agents of an owner of ground rents have agreed to reserve for a subcontractor certain sums out of moneys which were to be advanced to a contractor for a building operation, and the contractor fails before the completion of the operation, and consequently does not become entitled to certain instalments of the advances, the subcontractor although he has completed his part of the work, cannot recover from the agents the portion of these instalments which they had agreed to reserve for him.

Argued March 27, 1902. Appeal, No. 31, Jan. T., 1902, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 259, refusing to take off nonsuit in case of Charles A. Young v. Thomas R. Smith and J. Hayes Gallaher. Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Assumpsit on a written contract. Before Brégy, J.

The opinion of the Supreme Court states the case.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*F. S. Cantrell,* with him *F. S. Cantrell, Jr.,* for appellant.— It would work a great hardship to plaintiff to allow the defendants to retain for their own use the money which they agreed to retain for him and on the faith of which he delivered bricks to the value of several thousand dollars.

Where the strict adherence to a condition precedent will work injustice and justice can be reached by taking the object which the parties had in mind rather than the letter, the condition precedent will not be strictly enforced : Huckestein v. Kelly & Jones Co., 152 Pa. 631.

*Frederick J. Knaus,* for appellee.—As to the necessity of a strict compliance with the terms of a building contract as an

essential prerequisite to a recovery, see Miller v. Phillips et al., 31 Pa. 218, and Reynolds et al. v. Caldwell, 51 Pa. 298.

OPINION BY MR. JUSTICE FELL, April 21, 1902:

A nonsuit was entered on this state of facts developed by the plaintiff's testimony. Connelly sold twenty-eight lots to Stevenson, reserving ground rents, and agreed to advance him money to improve the lots, the advances to be made as the buildings were erected. Before the building operation commenced Connelly conveyed the ground rents to Mary E. Smith, who assumed the contract of her grantor as to making advances. The defendants acting as her agents agreed to retain out of the advances to be paid to Stevenson certain amounts, and to pay the same to the plaintiff who had contracted with Stevenson to furnish bricks for the houses to be erected. The agreement was as follows: "For a valuable consideration, we, Thomas R. Smith and J. Hayes Gallaher, hereby covenant and agree to and with the said Charles A. Young, to retain out of the advances which we have agreed to pay to Robert Stevenson for the building of the houses mentioned in the foregoing agreement, the sum of $840 and such other money as will be necessary to pay for the bricks in the said agreement to be furnished and delivered by the said Charles A. Young, and hereby agree to pay out of the said advances the sums therein mentioned at the times therein mentioned." The times fixed for payment by the agreement between the plaintiff and Stevenson were the same as those fixed by the agreement between Connelly and Stevenson, and they were to be determined by the progress of the work. The first payment was to be made when the houses were plastered, the second when they were trimmed out, the third when they were finished. The plaintiff complied with his agreement and furnished all the bricks he was required to furnish, and received the first payment when it became due. Stevenson failed to comply with his agreement, and abandoned the work before he became entitled to the second payment, and his interest in the lots was sold by the sheriff.

The appellant's contention is based on the assumption that the defendants were stakeholders only, and it has been zealously argued that the only question was whether the plaintiff

or Stevenson should have the money, and that the right of the former to recover the price of the bricks furnished could not be defeated because the time of the payment under the terms of the agreement was never reached, because of the default of the latter. But this assumption was wholly unwarranted. The defendants were not stakeholders but agents of the vendee of the ground rents, who was making advances to secure her investment. The money was that of their principal, and she was in the same position as an owner of land who agrees to withhold payments from a principal contractor erecting buildings thereon, when they become due, and to make them to a subcontractor. Their first obligation was to pay to Stevenson when he became entitled to payment; their second, made at his request, was to retain out of the advances they had agreed to pay him certain amounts, and to pay them to the plaintiff. It is clear that unless Stevenson became entitled to these payments, the plaintiff could not demand them.

The judgment is affirmed.