THOMAS B. BUSBY, Respondent, v. THE CEN-
TURY GOLD MINING COMPANY, a Corpora-
tion, Appellant.

| 27 | 231 |
| 28 | 169 |
| e28 | 335 |

### No. 1488.   (75 Pac. 725.)

1. **Contracts: Loans: Construction: Repayment: Contin-
gencies.**

Where plaintiff and certain other stockholders in a mining cor-
poration loaned it money with which to carry on its busi-
ness, which it could not otherwise have procured, and the
corporation gave receipts reciting that it had received so
much money, "mutual loan 1 1-2 per cent, to be repaid from
the first profits of the mine," the 1 1-2 per cent, referring
to the proportion of the lender's stock in the company, such
receipt evidenced an absolute obligation to repay the
amount so loaned, which was not dependent on the contin-
gency that the corporation should make profits from its
mine.[1]

2. **Same: Time: Pleading: Admissions.**

Where, in an action on a loan which was payable within a rea-
sonable time, defendant by its answer admitted that the
loan was due, it could not thereafter contend that a reason-
able time for payment had not expired.

(Decided February 9, 1904.)

Appeal from the Third District Court, Salt Lake
County.—*Hon. S. W. Stewart,* Judge.

Action for money had and received. From a judg-
ment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

• *Messrs. Price & McCrea* for appellant.

*Edward McGurrin, Esq.,* and *Frank J. Gustin,
Esq.,* for respondent.

---

[1] Johnston v. Schenck, 15 Utah 490, 50 Pac. 921; McIntyre v.
Mining Co., 20 Utah 323, 60 Pac. 552.

STATEMENT OF FACTS.

Plaintiff brought this action to recover from defendant the sum of $603.75. The complaint, in substance, alleges: (1) The corporate existence of defendant; (2) that between the 16th day of October, 1897, and the 17th day of October, 1898, plaintiff loaned to defendant, at its special instance and request, and for its use and benefit, certain sums of money amounting to $603.75, which said defendant promised and agreed to repay plaintiff out of the first profits of its mines and property; (3) that more than a reasonable time has elapsed since the receipt by defendant of said sums of money; (4) that on the 15th day of November, 1901, plaintiff demanded payment of said sum from defendant, and that payment was refused; and (5) that there is now due and owing from said defendant to said plaintiff the sum of $603.75, together with interest.

Defendant's answer admits its corporate existence; "(2) admits that between the 16th day of October, 1897, and the 17th day of October, 1898, at divers and sundry times said plaintiff loaned to this defendant certain sums of money, amounting in all to the sum set forth in plaintiff's complaint, and that at the time of each and every of the loans so made as aforesaid this defendant entered into a contract and agreement to repay the same; (3) denies each and every allegation of the third paragraph of said complaint; (4) admits the allegations of the fourth and fifth paragraphs of said complaint."

The record shows that there were six loans made, and for each loan plaintiff received from defendant a written acknowledgment, of which the following are fair samples:

"Nov. 8th, 1897. Received from T. B. Busby seventy-five dollars, mutual loan 1 1-2 per cent, to be repaid from the first profits of the mine. Century Mining & Mill Co. By J. T. White."

"Dec. 13th, 1897. Received from Mrs. Thomas B. Busby one hundred and eight dollars, mutual assess-

ment of 1 1-2 per cent, to be returned from the first pro-
fits of the company.    Century Gold Mine & Mill Co.
Per Jno. T. White.''

"Oct. 17th, 1898.    Received of Thos. B. Busby and
wife two hundred and twenty and no-100 dollars, 1 per
cent loan, balance, to be repaid in order from the first
profits of the company.    $220.00.    Century Gold Min-
ing Co.    Per J. T. White.''

Three years elapsed and the loans were not paid.
The plaintiff then demanded payment, and, upon the
defendant company refusing to comply therewith, com-
menced this action.

The cause was tried by the court sitting without a
jury.    The plaintiff, in support of his complaint, intro-
duced in evidence the receipts mentioned, which he tes-
tified were receipts for money loaned by him; that they
were given him by the manager and president of the
company; that certain of the receipts were for money
paid by his wife while he was away from home; that
he had demanded payment, and same had been refused.
On cross-examination plaintiff stated that at the time
of the loans he was a stockholder of the company; that
the receipts were for a mutual loan of a certain per cent.
of the stock owned by plaintiff; that, so far as the money
was loaned by the stockholders, it was based upon the
par value of the stock which they owned in the com-
pany; that, when the loans were made, the company was
in need of money, and had no other means of deriving
it; and that the purpose of the loan was to give the cor-
poration funds to carry on the work.    "Q.    That word
'mutual loan' referred to the fact that all the stock-
holders were in like manner making loans based upon
the amount of their stock?    A.    No; it did not.    Some
of them didn't loan any at all; wouldn't loan any.''    No
evidence was offered by defendant.    The court found
the issues in favor of plaintiff, and rendered judgment
in his favor for the sum of $603.75, and interest thereon
from the 17th day of October, 1898, at the rate of 8 per
cent. per annum.    Defendant appealed.

McCARTY, J. (after stating the facts).—The first contention of appellant is that by the terms of the written acknowledgment referred to in the statement of facts, considered in connection with the circumstances and conditions, as shown by the evidence, under which the loans were made, payment was to be postponed until such time as the profits of appellant company would be sufficient to liquidate the indebtedness evidenced by the receipts or acknowledgments mentioned. Counsel for appellant say in their brief "that respondent expressly waived claim of payment except upon the happening of a contingency and the existence of a fund;" in other words, that respondent made the loans with the express understanding that in case no profits should be derived from the business which appellant was engaged in, and for which the indebtedness was incurred, the money never would be repaid.

· In the case of Johnston v. Schenck, 15 Utah 490, 491, 493, 50 Pac. 921, the contract sued on in that case provided in part as follows: "If within one year from and after June 15, 1891, we, or either of us sell, convey or transfer any interest whatever in or to said, or either of said, lode mining claims . . . or put the same into any incorporation now or hereafter organized, then we agree to repay on demand to said James Johnston, the aforesaid sum of two thousand dollars advanced to us by him as aforesaid; otherwise such sum of two thousand dollars shall not be repaid by us to him." Notwithstanding that in that case there is a positive declaration in the foregoing instrument that the indebtedness should not be repaid unless the property mentioned should be disposed of within a certain period of time, this court held that "the paper in question bound the defendants to repay the plaintiff the $2,000 which he loaned them at the expiration of one year from its date, unless they should sell or transfer their mining claims, or some part of them, sooner, and in that event to pay on demand; that it gave them one year to repay, or until they should sell their mining claims, within that time."

It was held in that case that contracts and agreements such as we now have under consideration are to be construed in the light of the circumstances and conditions under which they are made, keeping in view the situation, interest, and motive of the parties as far as they can be determined by the contract and other evidence, and then give to the language used a reasonable construction.

In the case before us it appears that appellant corporation was in need of money to carry on its business, and the loans in question were made "to help it out," and at a time when some of its other stockholders refused to make appellant company any loans whatever. Under these circumstances the only reasonable construction that can be given to the written acknowledgments under consideration is that the clause "to be repaid from the first profits of the company" was inserted for the benefit of the respondent, making his debt first in order of payment out of the profits of the company, should any be realized, and not for the purpose of enabling the appellant, after reaping the benefits derived from the loans, to avoid repaying the money in case it should derive no profits from the business in which it was engaged.    When the money was loaned, the debt was created and became absolute, and the provisos in the written instrument that the money should be repaid out of the first profits of the company merely fixes the happening of such an event as a convenient time for making the payment, and in case no profit should be realized the law implies a promise to pay within a reasonable time.    The construction thus given the written instruments under consideration is not only in accord with our ideas of justice and fair dealing, but is in harmony with the great weight of judicial authority on this subject.    De Wolfe v. French, 51 Maine 420; Noland v. Bull (Or.), 33 Pac. 983; McCarty v. Howell, 24 Ill. 342; Page v. Cook, 164 Mass. 116, 41 N. E. 115, 28 L. R. A. 759, 49 Am. St. Rep. 449; Crooker v. Holmes, 65 Maine 195, 20 Am. Rep. 687; Sears v. Wright, 24 Maine 278;

Johnston v. Schenck, supra; McIntyre v. Mining Co., 20 Utah 323, 60 Pac. 552; Button v. Higgins (Colo. App.), 38 Pac. 390.

Appellant's next contention is that the court erred in finding that three years and two months, the period of time which had elapsed between the date of making the last loan and the commencement of the action, was a reasonable time for defendant to pay the debt. By an examination of the pleadings as set out in the foregoing statement of facts it will be seen that appellant in its answer admitted the allegations of the second, fourth, and fifth paragraphs of the complaint. In the fifth paragraph it is alleged that the debt was owing, due, and unpaid. By admitting that the debt was due, appellant in effect admitted that a reasonable time had elapsed for the payment thereof. In fact, the answer admits all of the material allegations of the complaint relied on for a recovery.

Respondent would have been entitled to a judgment on the pleadings, had he made a motion to that effect in the court below.

The judgment is affirmed, with costs.

BASKIN, C. J., and BARTCH, J., concur.