JOHN T. WHITE, Respondent, v. THE CENTURY GOLD MINING & MILLING COMPANY, a Corporation, Appellant.

### No. 1572.    (78 Pac. 868.)

1. **Contracts: Construction: Accrual of Cause of Action: Limitations.**
   When defendant mining company contracted to repay to plaintiff certain sums loaned to it out of its first profits, the obligation became absolute after the lapse of a reasonable time and it not appearing on appeal at what date a reasonable time elapsed, either from the findings of the court or from the record, defendant's plea of limitations was of no avail.[1]

2. **Same.**
   Limitations did not begin to run against plaintiffs' cause of action until a reasonable time after the creation of the obligation had elapsed.

3. **Same: Burden of Proof.**
   Where defendant set up limitations the burden was on him to show the action barred.

---

[1] Busby v. Mining Co., 27 Utah 230; 45 Pac. 725. McIntyre v. Ajax Min. Co., 20 Utah 323, 60 Pac. 552.

(Decided December 10, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. T. D. Lewis*, Judge.

Action to recover money loaned. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*C. S. Price, Esq.*, and *Messrs. Henderson, Pierce, Critchlow & Barrette* for appellant.

The court erred in rendering judgment in favor of this plaintiff and against the defendant for the reason that if the plaintiff has any right of recovery it must be only upon an accounting with this defendant and on behalf of all persons holding such claims, in respect to the profits, if any, made by this defendant, in order that the same may be distributed ratably and in order of their advancements.

We contend that this plaintiff is not entitled to the payment of his claim in full, to the exclusion of those stockholders similarly situated, and who from plaintiff's own testimony are entitled to prorate in said fund, but that plaintiff's remedy is and was by a suit in equity against said defendant demanding an accounting on behalf of himself and all other stockholders similarly situated in order that the fund out of which the payments upon such obligations are to be made, might be prorated equitably among all the stockholders standing in like relation to this defendant. Shepherd v. Guernsey, 9 Paige 356; Deg v. Deg, 2 Williams 416; 1 Pomeroy, Equity Jurisprudence, sec. 407; 1 Story on Equity Jurisprudence (13 Ed.), sec. 64, p. 67.

Applying the rule that "Equality is Equity," this action cannot be maintained, and should therefore be dismissed.

Our next contention is, that even assuming, for the sake of our argument, that plaintiff's remedy is an action at law, his claim is barred by the provisions of section 2875, and the provisions of section 2876, of the Revised Statutes of the State of Utah, 1898, for the reason that it appears from the evidence and the receipts introduced in evidence show that the first advancements were made in the early part of October, 1897, and that this action was commenced on October 27, 1903, making it a period of over six years from the date of the first advancements; and that the date of the other advancements was during the year 1898, and not later than August 1st, 1898, which would make a period of five years since the date of the last advancements and the filing of the complaint.

In the case of Busby v. The Century Gold Mining Co., 27 Utah 230, 75 Pac. 725, this court decided that the indebtedness as evidenced by the instruments sued upon in this action was a debt absolute, and was created when the money was loaned and its payment did not depend upon the happening of a certain contingency.

In that case the lower court allowed interest from the date of the advancement, even though the contract was silent as to interest and there was no agreement to pay interest; this in itself fixed the maturity of the indebtedness at the date of the advancement, or in other words it was treated by the court, in respect to interest and maturity, as a note payable on demand. This defendant, who was defendant in that case, argued in its brief and seriously contended in that case that the lower court erred in allowing interest from the date of the advancement because, as defendant contended, the debt had not matured; and where a contract is silent as to interest, it can not be exacted until the maturity of the contract. Notwithstanding defendant's position in the Busby case, and notwithstanding the fact that the plaintiff in that case relied upon the theory of the lapse of a reasonable time, this court nevertheless allowed interest from the date of advancement instead of from the ex-

piration of the more than two year period, and held that the debt was absolute.

The general rule is that, a note payable on demand, is due immediately, without an actual demand, and that the statute commences to run at once.   O'Neil v. Magner (Cal.), 22 Pac. 876; Brummagim v. Tallaut, 29 Cal. 506; Cousins v. Partridge, 79 Cal. 228; Story on Promissory Notes, sec. 29; Wood on Limitations, sec. 124.

*Messrs. McGurrin & Gustin* for .respondent.

According to the construction placed upon these loans by this court in the Busby case they were to be repaid within a reasonable time: that is, after the expiration of a reasonable time they were due and payable and until a reasonable time has elapsed, of course, no action could be maintained for their recovery.

The first loan was made October 16, 1897, the last on August 1, 1898. The respondent filed his first action on October 6, 1902. Upon the trial thereof, however, the appellant claimed that at the time of its institution a reasonable time had not elapsed after the making of the loans; that the action was prematurely brought and upon that ground the respondent was nonsuited.   Immediately thereafter the respondent brought this suit and now the appellant says he "slumbered on his rights too long."

Until a reasonable time had elapsed the loans were not due; if they were not due, suit thereon could not have been maintained.   Hence, the statute of limitations commenced to run only from the time suit could be maintained.   19 Am. and Eng. Enc. of Law (2 Ed.), 193.

BASKIN, C. J.   This case was tried by the court without a jury.   Upon the trial the court in its findings of fact found, in substance, that between the dates of October 1, 1897, and July 21, 1898, the defendant received from plaintiff the sum of $2,410.13 to and for the

use and benefit of defendant, which said defendant agreed to repay to the plaintiff out of its first profits; that the defendant, between the dates just mentioned, also, respectively, received from a number of other persons named various sums of money, which it also agreed to repay out of its first profits, and that each of the other persons named, before the commencement of this suit, assigned and transferred his claim for the money so received from him to the plaintiff; that during the month of October, 1903, and particularly on the 27th day of October, 1903, "the plaintiff demanded payment from the defendant of the sums so received, as aforesaid but that it has not paid any of said sums nor any part thereof; that during the months of September and October, 1903, the defendant company paid two dividends to its stockholders of $1,500 each, and that on October 30, 1903, a third dividend was declared for the sum of $1,500, which was paid on November 2, 1903; that said defendant, between the dates of April 30, 1903, and October 30, 1903, did earn a profit in a sum greater than the aggregate of plaintiff's claims above specified; that the defendant made no profits before April, 1903; that a reasonable time for the payment of said sum of money had elapsed at the time the first dividend was paid, to-wit, during the month of September, 1903; that plaintiff is entitled to interest on said sums of money from the 27th day of October, 1903, at the rate of 8 per cent per annum; that the statute of limitations has not run until the lapse of a reasonable length of time; and that none of the allegations of defendant's answer are sustained by the testimony, except the allegation that defendant is and was at all times mentioned a corporation of Utah." These findings of fact are fully supported by the evidence. Judgment for the amount of said sums, with interest, was rendered for the plaintiff.

In Busby v. Mining Company, 27 Utah 230, 75 Pac. 725, and McIntyre v. Ajax Min. Co., 20 Utah 323, 60 Pac. 552, obligations of the same character were involved as those in the case at bar, and this court in both

those cases held that a right of action accrued within a reasonable time after the creation of the obligations. We reaffirm the decision in those cases, and hold that under the findings of fact the obligations in question matured within a reasonable time after their creation; and before the institution of the pending suit.

The defendant pleaded the statute of limitations, and insists in its brief that the action was barred before the suit was instituted. The question as to whether or not a reasonable time had elapsed before the suit was brought, was one of fact for the court, and it found that a reasonable time had elapsed before the time the first dividend was paid during the month of September, 1903, but did not find definitely the date when it had elapsed, nor is the date shown by the record. The statute of limitations, pleaded by the defendant, could not begin to run until a reasonable time after the creation of the obligation had elapsed. The burden of proving that the action was barred was upon the defendant, and, therefore, as it neither appears from the findings of the court or from the record at what date a reasonable time elapsed, the defendants plea of the statute of limitations cannot prevail.

It is ordered that the judgment be affirmed, with costs.

BARTCH and McCARTY, JJ., concur.