# CHARLESTON.

## MILLAN *v.* BARTLETT.

Submitted June 10, 1909.   Decided April 11, 1911.

1. CONTRACTS—*Construction—Covenants Implied.*
    An express covenant to perform certain acts implies a covenant to refrain from performance of other acts which operate to defeat performance of the express covenant. (p. 157).

2. COVENANTS—*Oil Leases—Breach.*
    A covenant by the assignor of an interest in an oil lease that he will pay the rental and prevent a forfeiture, is broken by a sale thereafter of the lease to another who makes a sur-
    69 W. Va.

render of it, or who by failure to pay the rental suffers a forfeiture. (p. 157).

Error to Circuit Court, Marion County.

Action by Alpheus F. Millan against Fred W. Bartlett. Judgment of dismissal, and plaintiff brings error.

*Reversed and Remanded.*

*U. N. Arnett, Jr.,* and *Thos. P. Jacobs,* for plaintiff in error.

*W. B. Cornwell* and *W. S. Meredith,* for defendant in error.

WILLIAMS, PRESIDENT:

Plaintiff has obtained a writ of error to a judgment of the circuit court of Marion county, pronounced on the 16th of June, 1908, sustaining a demurrer to his amended declaration in an action for a breach of covenant, and, on his declining to further amend, dismissing his bill. The sole question presented is whether the amended declaration sufficiently states a good cause of action. It avers that defendant, for valuable consideration fully paid, assigned to plaintiff, by contract in writing under seal, an undivided one-eighth working interest in twenty-one certain oil leases, describing them by the dates of their execution, the names of the lessors, the number of acres of land embraced in each, and the terms of years they had to run. It also avers that defendant made certain covenants with plaintiff, which he has since broken, whereby plaintiff has suffered damages to the amount of $50,000.00. Stripped of the verbiage of formal pleading, the covenants alleged are: (1) that Bartlett agreed to relieve Millan of the payment of any part of the money necessary to keep the leases in force; or, if Bartlett preferred to suffer the leases to lapse, which it is alleged he had a right to do, then he was bound to notify Millan, and thus give him an opportunity to pay the rental and prevent their forfeiture; and, (2) that Bartlett was to assign to Millan, on his request, such leases as Bartlett might decide he would not continue to pay the rental on.

Breifly stated, the breaches assigned are: (1) that Bartlett did not relieve plaintiff of the payment of the rental necessary to keep alive the leases, and did not pay it himself; (2) that he did not notify plaintiff of his intention to let any of said leases lapse; (3) that he did not assign to plaintiff such leases

as he did not desire to keep in force;   (4) that, without notice
to plaintiff, he sold and conveyed an undivided one-half interest
in the leases to Neely and Sheakley, and afterwards united with
said Neely and Sheakley in a sale of the whole to the Fair-
mont Gas & Light Company; and, (5) that the Fairmont Gas
& Light Company immediately surrendered the most valuable
ones of said leases, and thereafter obtained new lease for the
same property.  The breach is sufficiently averred; the declar-
ation states a good cause of action.  Its averments show that
defendant broke his covenants by voluntarily putting it out of
his power to perform them.  True he did not covenant not to
sell the leases, but it is also true that he could not escape liability
by a sale and transfer of them.  There was, at least, an implied
covenant that he would not sell, if by selling he would put it
out of his power to perform his covenants.  He agreed not to
let any of the leases lapse without notifying plaintiff.  This was
to give him an opportunity to pay the rental himself, and there-
by prevent a forfeiture.  He also agreed to assign to plaintiff
such leases as he (Bartlett) might not wish to keep alive.  He
was bound to keep alive the leases, or to notify Millan if he
decided not to do so.

It is averred that the Fairmont Gas & Light Company ac-
quired the whole of the leases, which, of course, included plain-
tiff's one-eighth of the working interest; and that it then
suffered the most valuable ones to become forfeited, and there-
after obtained new leases of the same lands.  This defeated the
rights of plaintiff which Bartlett was bound either to protect, or
to notify plaintiff and thereby afford him an opportunity to
protect for himself.  The sale to, and later forfeiture by, the
Fairmont Gas & Light Company constituted a breach of Bart-
lett's covenants for which he is liable to plaintiff.  The aver-
ments show that he has caused to occur, by indirection, that
which he had covenanted should not occur directly.

It was error to sustain the demurrer and dismiss plaintiff's
action, and the judgment complained of will be reversed; and
this Court will enter an order overruling the demurrer and re-
instating the action, and will remand the case for further pro-
ceedings to be had according to law.

*Reversed and Remanded.*