JACOB MEURER, TRADING AS MEURER BROTHERS COMPANY, PLAINTIFF AND APPELLANT, v. FRED KILGUS, DEFENDANT AND APPELLEE.

Argued March 19, 1914—Decided June 15, 1914.

1. A contractor had a contract to build a school house. He subcontracted a part of the work. A materialman proposed to furnish materials to the subcontractor. The contractor agreed in writing to pay the materialman for such materials "when the work on the school house is completed." The subcontractor did

not complete his work. *Held,* that such agreement constituted no obligation to pay except out of moneys earned by the sub-contractor.

2. Telephone communications between parties stand legally upon the same footing as ordinary conversations, and are not sufficient to charge a defendant upon a special promise to answer for the debt of another.

On appeal from a judgment of the Supreme Court.

For the appellant, *Vredenburgh, Wall & Carey.*

For the appellee, *McCarter & English (Arthur F. Egner* on the brief).

The opinion of the court was delivered by

TRENCHARD, J.    This suit was tried at the Essex circuit.

At the conclusion of the evidence cross-motions were made for a direction of a verdict. The trial judge directed a verdict for the defendant and the plaintiff appeals.

At the trial it appeared that the defendant, Kilgus, entered into a contract with the board of education of the city of Orange to build the Lincoln avenue school house. He subcontracted with the American Skylight and Iron Works Company for the tin roofing and metal work. The main contract required that in doing this work the plaintiff's tin should be used. The skylight company endeavored to procure from the plaintiff upon credit the necessary tin required for the performance of its part, but the plaintiff declined to sell it on credit because of the uncertain financial responsibility of the subcontractor, and entered into correspondence with the defendant for the purpose of getting him to guarantee the payment of his bill. Thereafter the plaintiff accepted the order of the subcontractor and furnished the material, and not being paid by the subcontractor, brought this suit against the defendant.

We are of opinion that the verdict was properly directed, for the reason that there was no evidence upon which the liability of the defendant could be predicated.

The attempt to establish liability from the correspondence between the parties failed.

The defendant wrote to the plaintiff, saying: "I will deduct from the American Skylight and Iron Works $1,000 and place same to the credit of your account for payment *when the work on the Lincoln avenue school is completed.*" This did not satisfy the plaintiff because he replied, saying: "In accordance with the telephone conversation held with you, we understand that you are willing to agree to make the first payment to us, amounting to $1,000, when the American Skylight and Iron Works have done this amount of work. Will you be good enough to write us to this effect as on your original letter, as pointed out to you, the payment could be withheld by you until the work was done. We understand, according to contract, that first payment is due American Skylight and Iron Works when the main work is done; second payment when cornice is on annex and roof of three wings has been completed." The defendant replied to this letter as follows: "In reply to yours of the 16th instant beg to state I will make first payment of $1,000 to you for the account of the American Skylight and Iron Works for material you are to furnish for the Lincoln avenue school, Orange, N. J." To which the plaintiff replied: "We are in receipt of your favor of the 19th instant, and in accordance therewith, we will deliver the material to the American Skylight and Iron Works for use in the Lincoln avenue school."

No doubt this correspondence may properly be regarded as an agreement to pay the debt of the skylight company to the extent of $1,000, under certain conditions and limitations, but clearly it constituted no obligation to pay except out of moneys earned by the skylight company.

Now, it is undisputed that the contract between the defendant and the skylight company, in fact, provided for payment in a lump sum of $2,700 upon the completion of the work to the satisfaction of the defendant's architect. It is also undisputed that the skylight company abandoned the work and the defendant was compelled to employ others to do it at an ex-

pense to him of $2,300. The defendant had already paid the plaintiff $500 on account, and these two payments, of course, resulted in a loss to him of $100, that being the difference between what he paid and the contract price of the skylight company. It follows, therefore, that there was nothing due the plaintiff under the terms of the agreement as established by the correspondence.

But the plaintiff complains that he was precluded from proving the liability of the defendant by the action of the trial judge in excluding plaintiff's evidence of a telephone conversation with the defendant's office.

The trial judge excluded the testimony because it did not appear that the person talking was the defendant, although the plaintiff testified that he "supposed it was somebody representing Fred Kilgus."

We do not find it necessary to determine whether, for the reason given, such conversation was properly excluded.

Telephone communications between parties stand legally upon the same footing as ordinary conversations, and are not sufficient to charge the defendant upon a special promise to answer for the debt of another person. It follows, therefore, that the exclusion of the telephone communication did not injuriously affect the substantial rights of the plaintiff.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, BOGERT, VREDENBURGH, HEPPENHEIMER, JJ. 7.

*For reversal*—BERGEN, KALISCH, WHITE, JJ. 3.