### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

WINFIELD H. PALMER *vs.* LOUIS E. GUILLOW, administrator.

Suffolk. November 16, 1915. — May 15, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Construction, Performance and breach, Failure of consideration, Implied. *Practice, Civil,* Judgment ordered under St. 1909, c. 236.

In an action against an administrator for money had and received by his intestate to the use of the plaintiff, it appeared that the intestate, when he was attempting to perfect some machines for an inventor, procured money from the plaintiff, his friend, to defray his personal expenses until he could get some money from the invention and signed an agreement that the money should "be paid according to the following conditions in stock" of a corporation to be organized to manufacture and sell the machines "and in cash. Said " plaintiff "shall receive of me three hundred shares of the stock of the . . . company and as further recompense for the loan and accommodation I will set aside 1200 shares of my own holdings in said company, all the dividends on which shall be devoted to repaying said " plaintiff "three hundred dollars in cash." The intestate labored diligently but in vain to perfect the machines. The machines were a failure and no corporation ever was formed. *Held,* that by the provisions of the contract the plaintiff was to receive his pay in shares of the capital stock and in dividends on shares to be issued to the intestate, and in no other way; that the failure to form the corporation was no fault of the intestate, and that, the intestate having performed the contract to the best of his ability, the action could not be maintained because there was no failure of consideration for the contract.

It also was *held,* for the same reasons, that an action could not be maintained for breach of the contract by the intestate.

VOL. 224.                    1

An action of contract, the declaration in which contained two counts, the first upon a contract in writing and the second for money had and received, was heard by a judge without a jury, and the defendant asked for certain rulings which applied to both counts. The judge made no disposition of the rulings, but ordered judgment for the plaintiff on the second count, and the defendant excepted. This court were of opinion that a judgment should have been ordered for the defendant upon the second count, and, it clearly appearing also that the plaintiff could not maintain his action upon the first count, *held*, that under St. 1909, c. 236, judgment should be entered for the defendant upon both counts.

CONTRACT, with a declaration in two counts, alleged to be for the same cause of action, as described in the opinion. Writ dated January 29, 1915.

In the Superior Court the case was heard by *Dubuque*, J., without a jury. The material evidence is described in the opinion. At the close of the evidence, the defendant made thirteen requests for rulings, of which the following are material:

"1. On all the evidence the plaintiff cannot recover."

"4. The written contract is complete in itself and is conclusive between the parties.

"5. The plaintiff cannot recover for money had and received.

"6. In any event, the plaintiff is entitled to nominal damages only.

"7. The plaintiff is not entitled to recover unliquidated damages upon his first count."

"9. The plaintiff cannot rescind because it is impossible to restore the parties to their original situation.

"10. The deceased, by making diligent effort to carry out the enterprise, though it proved unsuccessful, performed a substantial part of his promise.

"11. The failure to deliver the stock was not on the evidence a substantial breach of the contract."

The bill of exceptions recites that the judge "failed to give" the rulings "and made no disposition thereof." A judgment was ordered for the plaintiff on the second count for $300 with interest at six per cent from the date of the writ;" and the defendant alleged exceptions.

The case was argued at the bar in November, 1915, before *Rugg*, C. J., *Braley, De Courcy, Crosby, & Carroll*, JJ., and afterwards was submitted on briefs to all the justices.

*L. E. Guillow,* pro se.

*W. P. Kelley,* for the plaintiff.

RUGG, C. J.  This is an action of contract.  The declaration contains two counts.  The first is upon a special contract printed in a footnote.*  The second is for money had and received.

There was evidence tending to show that the plaintiff and Hemenway, the defendant's intestate (who will be called the defendant), were old friends; that the defendant, who was engaged in perfecting some machines, the invention of one Gosselin, applied to the plaintiff for $300 to defray his personal expenses until he could get some money out of the invention; that the plaintiff handed it to him and received in return the contract; that at its end above the signature were the words, "with interest at six per cent from date hereof;" that through these words a line in ink was drawn by the defendant at the plaintiff's request, who told him he did not want interest if the money was to be returned and the stock given him; that there were thereafter frequent conversations between the parties about the machines; that the plan of the defendant and Gosselin was that, when the machines were made sufficiently efficient, a corporation to be called the Gosselin Company was to be organized to manufacture and sell them; that the machines were a failure, the corporation never was organized, and of course no stock was issued.  The plaintiff testified that the "drift of" the agreement was expressed in the writing.  The plaintiff testified that he did not talk with the defendant about the contract "because the company wasn't formed and he wasn't ready to pay it and I knew that."  Gosselin, the inventor, testified that one of the machines had been substantially completed by Hemenway before his death, but that "on the other part which was essential to the completed machines, Hemenway had not been able to accomplish much."  The adminis-

---

* "$300.                                    Boston, Mass., April 1, 1907.

Received of Winfield H. Palmer three hundred dollars to be paid according to the following conditions in stock of the Gosselin Company and in cash. Said Palmer shall receive of me three hundred shares of the stock of the Gosselin Company and as further recompense for the loan and accommodation I will set aside 1200 shares of my own holdings in said company, all the dividends on which shall be devoted to repaying said Palmer three hundred dollars in cash.

                                   E. P. Hemenway."

trator of the defendant testified "that Hemenway worked diligently on the machines for several years after 1907, but that during the last two or three years of his life he worked on them much less; and that Hemenway, a short time before his death, had told him the machines were a failure, that he could not make a success of them."

This evidence establishes that the writing expressed all the terms of the contract by which the plaintiff handed $300 to the defendant. The plaintiff does not testify to any other.

It is necessary to decide what that writing means when read in the light of the circumstances under which it was given. Plainly the $300 was not a simple loan. The money was not advanced by the plaintiff to the defendant upon the latter's credit with the then present intent and purpose on the part of both that the money be repaid at some time in the future.

The plaintiff did not receive an unconditional promise to be paid money. He was to be paid in stock of the Gosselin Company and in cash. But the cash was to be derived from one source alone, namely, from the dividends upon twelve hundred shares of the defendant's stock in the same company. That three hundred shares of stock and the money derived from the dividends upon the other stock was the only payment to which the plaintiff was entitled under the contract. There is no provision for repayment to the plaintiff if the corporation is not formed and the stock is not issued. He is to be reimbursed only in one way and in no other. If the venture had been a success, the plaintiff would have been a sharer in its prosperity. He would have received three hundred shares in stock and the original principal wholly returned out of the dividends on twelve hundred other shares. He made no contract for the return of the principal in the event of a failure of the scheme.

Both parties knew that Hemenway was working to perfect the machines and to make them useful and salable, so that the corporation to manufacture and sell them might be organized and its stock have value. It was an implied condition of the contract that Hemenway should use his faithful efforts to complete the machines. If he had utterly failed in undertaking to perfect the machines, doubtless there would have been a failure of consideration for the contract. But Hemenway did not refuse to go forward. According to all the evidence, he labored diligently for almost six

years in the performance of his part of the contract. It was no fault of his that the corporation was not formed and its stock issued. The reason was that the venture, so far as he was concerned, failed in spite of all he could do.

The evidence discloses no failure of consideration such as warrants recovery of his money by the plaintiff. There is a failure of consideration when a plaintiff pays a defendant for property sold to him by the defendant to which the latter has no title. *Rice* v. *Goddard,* 14 Pick. 293. *Claflin* v. *Godfrey,* 21 Pick. 1, 9. There is a like failure of consideration when money is paid by a plaintiff to a defendant for an agreement by the defendant to perform acts which he totally fails to perform. *Briggs* v. *DePeiffer,* 214 Mass. 52, 58. Doubtless there may be other classes of cases of total failure of consideration. But the case at bar is not of that kind. The plaintiff gave his money to the defendant to be used to enable him to live while he was working for the success of a highly speculative project, and agreed to take his recompense out of that project when it reached the incorporation and dividend paying stage. The defendant used his best endeavors to bring the project to that stage, but failed. The time never has arrived and now, since the death of Hemenway, never can arrive when according to the terms of his contract the plaintiff is entitled to receive anything from the defendant. The real complaint of the plaintiff is not that the consideration for his contract has failed, but that the adventure on which he embarked has failed.

What has been said disposes of both counts in the plaintiff's declaration, which are for the same cause of action, without discussing the other defences pleaded.

The exceptions must be sustained and in accordance with St. 1909, c. 236, judgment may be entered for the defendant.

*So ordered.*