## ZORN v. SWEET et al.

No. 4993.  Decided February 28, 1931.  (296 P. 242.)

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for respondents.

ELIAS HANSEN, J.

The sole question presented on this appeal arises upon a demurrer which denies that plaintiff's complaint states a cause of action. The demurrer was sustained and the action dismissed. Plaintiff appeals and assigns such rulings as error. The complaint reads as follows:

"Plaintiff complains of defendants, and for cause thereof alleges:

"I. That on the 4th day of October, 1923, at Salt Lake City, Utah, plaintiff and defendants entered into a contract in writing, in words and figures following, to wit:

" 'Agreement

" 'Whereas, the Superior Dredging Company, a corporation of Nevada, owns approximately 1200 acres of valuable gold placer ground in Baker County, Oregon; and

" 'Whereas, the said Superior Dredging Company has contracted with Sweet Brothers, consisting of C. N. Sweet, W. H. Sweet and F. A. Sweet, of Salt Lake City, Utah, for the improvement of said property and the placing thereon of improved machinery, consisting of a modern gold dredge, the construction of an electric power line and the making of other improvements for the recovery of the gold from said property; and

" 'Whereas, said Sweet Brothers, under the terms of their contract, reserve title to said dredge and other improvements made until they shall have recovered from said placer grounds, sufficient net profits from gold recovered to repay them for all advancements made for the purposes herein stated;

" 'Now, therefore, the said Sweet Brothers hereby sell and deliver to Minnie Zorn, 2000 shares of the Superior Dredging Company, aforesaid, evidenced by certificate No. 1293 for the sum of $2,000.00 and agree with the purchaser that said money will be expended towards making the improvements mentioned herein and that said Sweet Brothers will reimburse to said purchaser an amount equal to the purchase price mentioned above from the net profits received from the recovery of gold, as aforesaid, as fast as recovered and in proportion as the above sum bears to the total amount expended by Sweet Brothers in making all of the advancements necessary for the purposes above mentioned.

" 'Sweet Brothers
" 'By F. A. Sweet.

" 'Salt Lake City, Utah,
" 'October 4, 1923.'

"II. That at the time of the execution of said contract, on the 4th day of October, 1923, plaintiff paid to the defendants Two Thousand ($2,000.00) Dollars in lawful money of the United States, and received from them Certificate of Stock No. 1293 of the Superior Dredging Company for two thousand (2,000) shares of its said stock, and thereafter plaintiff is informed that defendants placed dredging machinery upon the placer ground referred to in said agreement, and operated the same until about the month of June, 1926, at which time they discontinued the operation thereof, and on or about the 14th day of May, 1927, sold and disposed of said equipment.

"III. That during the operation of said machinery, and from the profits derived therefrom, defendants paid to plaintiff the sum of Three Hundred ($300.00) Dollars; that, although often requested, defendants have failed, neglected and refused to pay to plaintiff the balance of the said Two Thousand ($2,000.00) Dollars, amounting to the sum of Seventeen Hundred ($1,700.00) Dollars, or any part thereof that by the sale of said equipment, on the said 14th day of May, 1927, defendants put it out of their power to make further profits from the operation of the said dredging machinery, and the said Seventeen Hundred ($1700.00) Dollars, constituting the balance of the said Two Thousand ($2,000.00) Dollars, as aforesaid, thereupon became immediately due and payable to plaintiff.

"Wherefore, plaintiff prays judgment against the defendants jointly and severally for the sum of Seventeen Hundred ($1700.00) Dollars, with interest thereon at the rate of eight per cent (8%) per annum, from the 14th day of May, 1927, and for costs."

Plaintiff's contentions are thus stated in her brief:

"1. The agreement set forth in the complaint must be construed as creating an absolute obligation on the part of the defendants to re-imburse the plaintiff.

"2. If the court considers the agreement uncertain or ambiguous as to whether the obligation to re-imburse the plaintiff was absolute or conditional, it is contended that the allegations in the complaint which present the plaintiff's construction of the instrument, must upon general demurrer be assumed to be true, in which case the complaint sets forth facts stating a cause of action on an absolute promise to pay.

"3. If the agreement be construed as creating an obligation conditioned upon the receipt of net profits from the recovery of gold, it is contended that the complaint states a cause of action based upon the rule that where an obligor, who is obligated to pay from a fund

which it is his duty express or implied to create, puts it out of his power to create the fund, he is liable."

In support of such contentions the following cases and authorities are cited: *Johnston* v. *Schenck,* 15 Utah 490, 50 P. 921; *McIntyre* v. *Ajax Mining Co.,* 20 Utah 323, 60 P. 552; Id., 28 Utah 162, 77 P. 613; *Busby* v. *Century Gold Mining Co.,* 27 Utah 231, 75 P. 725; *White* v. *Mining & Milling Co.,* 28 Utah 331, 78 P. 868; *Pritchard* v. *McLeod* (C. C. A.) 205 F. 24; 3 Page on Contracts (1st Ed.) § 1443; *Genet* v. *Canal Co.,* 136 N. Y. 593, 32 N. E. 1078, 19 L. R. A. 127; *Keck* v. *Bieber,* 148 Pa. 645, 24 A. 170, 33 Am. St. Rep. 846; *Lovell* v. *St. Louis Mutual Life Ins. Co.,* 111 U. S. 264, 274, 4 S. Ct. 390, 28 L. Ed. 423; *Millan* v. *Bartlett,* 69 W. Va. 155, 71 S. E. 13.

The defendants contend that under the contract relied upon by the plaintiff they are under no obligation to repay to plaintiff any of the money received by them from her unless and until such money is secured from net profits of gold recovered from the development of the property belonging to the Superior Dredging Company. Defendants cite the following cases and authorities in support of their contention: 13 C. J. 631, § 701; *Frank et al.* v. *Butte & Boulder Mining & Lumber Co.,* 48 Mont. 83, 135 P. 904; *Great Western Oil Co.* v. *Carpenter,* 43 Tex. Civ. App. 229, 95 S. W. 57; *Lyman* v. *Northern Pac. Elevator Co.* (C. C.) 62 F. 891; *Young* v. *Smith,* 202 Pa. 329, 51 A. 890; *Palmer* v. *Guillow,* 224 Mass. 1, 112 N. E. 493; *Meurer* v. *Kilgus,* 86 N. J. Law 243, 90 A. 1011; *Arment et al.* v. *Yamhill County,* 28 Or. 474, 43 P. 653; *Dunyon* v. *Scranton M. & S. Co.,* 50 Utah 609, 168 P. 755; *De Wolfe* v. *French,* 51 Me. 420; *Johnson* v. *Geddes et al.,* 49 Utah 137, 161 P. 910.

It was in effect held by this court in the cases of *Johnston* v. *Schenck,* both of the cases of *McIntyre* v. *Ajax Mining Co.,* *Busby* v. *Century Gold Mining Co.,* and *White* v. *Mining & Milling Co.,* supra, that a provision for the payment of a loan of money out of a specified fund has merely the effect of

fixing the time when the money shall be repaid and that the obligation to repay the money becomes absolute at the expiration of a reasonable time. It is urged on behalf of the appellant that the law announced in these cases is applicable here; that the contract set out in the complaint should be construed as an agreement whereby the plaintiff loaned $2,000 to the defendants and that the transfer of 2,000 shares of stock to the plaintiff was merely a bonus or interest on the money loaned. There is no allegation in the complaint that the parties intended that the $2,000 was intended as a loan. The agreement does not expressly or by implication characterize the transaction as a loan. The facts in the cases cited by appellant are readily distinguishable from the facts alleged in plaintiff's complaint, and therefore cases which deal with loans are of little value as precedents in the instant case. It is quite generally held, in the absence of facts or circumstances showing the contrary, that a promise which is restricted to pay out of a particular fund does not create an absolute liability. The cases and authorities cited by respondents support such view. However, if a duty is cast upon the promisor to create a special fund to pay the promisee, and the promisor without just cause or excuse fails to perform such duty, the promisor becomes liable to respond in damages to the promisee for the breach of his contract. Under the agreement set out in plaintiff's complaint the defendants became obligated to use reasonable efforts to recover gold from the property of the Superior Dredging Company and thus to create a fund out of which to repay plaintiff the $2,000 which she paid to the defendants. If the defendants voluntarily and without just cause or excuse put it out of their power to create such fund, they thereby committed a breach of their contract and became liable to respond in damages for any loss that the plaintiff might sustain by reason of the breach. If, on the other hand, the property of the Superior Dredging Company could not be operated at a profit, then and in such case, the defendants were under no obligation to continue their operations and

the plaintiff would have no just cause to complain because the operations were discontinued.

Plaintiff's complaint proceeds upon the theory that by the terms of the written contract here involved the defendants were under an absolute obligation to repay to the plaintiff the $2,000 which she paid to them. The contract is not susceptible of such construction. No claim is made so far as appears in the complaint that the defendants ceased operations without just cause or excuse or that defendants could have continued to operate the property at a profit. Obviously, if the property could not have been operated at a profit, then the plaintiff was not damaged because the defendants ceased their operations. The plaintiff makes no claim that the complaint state a cause of action for a breach of contract upon the theory that defendants without just cause or excuse ceased to operate the mining property, and therefore we need not pass upon the question of the sufficiency of the complaint to state a cause of action upon such theory.

Even though the defendants with just cause or excuse ceased operating the mining property, it may be that the plaintiff had an equitable interest in the money derived from the sale of the machinery to the extent that the money advanced by her bore to the total amount advanced and expended in the purchase of equipment and the development of the property. The complaint, however, does not proceed upon such theory, and it does not allege facts sufficient to constitute a cause of action upon such theory. The plaintiff does not complain because no accounting has been rendered to her of the money derived from the sale of the machinery, nor does she claim that she is entitled to any of the money derived from the sale of the machinery. The demurrer was properly sustained.

Judgment affirmed. Respondents are awarded their costs.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.